Eugene Ray CALLAWAY *v.* STATE of Arkansas

CR 06-675                                          246 S.W.3d 889

Supreme Court of Arkansas
Opinion delivered January 11, 2007

*Ronald Carey Nichols*, for appellant.

*Mike Beebe*, Att'y Gen., by: *Kent G. Holt*, Ass't Att'y Gen., for appellee.

J IM GUNTER, Justice. Appellant, Eugene Ray Callaway, appeals the Pulaski County Circuit Court's ruling excluding the appellant's wife, Bethany Callaway, during the testimony of her children, Tasha and Tommy Waddell, who were prosecution witnesses. Appellant argues that the exclusion of his wife denied him his right to a public trial in violation of the Sixth Amendment to the United States Constitution and article 2, section 10 of the Arkansas Constitution. We affirm the circuit court's ruling.

On May 12, 2005, Appellant was charged in a ten-count felony information that included two counts of rape, one count of first-degree sexual assault, five counts of engaging children in sexually explicit conduct for use in visual or print medium, one count of distributing, possessing or viewing matter depicting sexually explicit conduct involving a child, and one count of producing, directing or promoting sexual performance of a child younger than seventeen years of age. Before trial, the State nolle prossed four of the counts charging the appellant with engaging children in sexually explicit conduct for use in visual or print medium. During a pretrial discussion on February 22, 2006, the State asked the court to exclude Bethany Callaway because the witnesses told the prosecuting attorney that their mother tried to coerce their testimony by encouraging them not to show up for court and by offering to buy Tasha Waddell a bus ticket. Appellant objected on hearsay grounds, but the circuit court overruled the objection, excluding appellant's wife from the courtroom during the testimony of her two children who were eighteen and twenty years old at the time of trial.

Appellant was convicted in a jury trial of two counts of rape for which the jury recommended terms of life and forty years, respectively. Appellant was also convicted of first degree sexual assault, engaging children in sexually explicit conduct, and distrib-

uting, possessing, or viewing matter depicting sexually explicit conduct involving a child for which the jury recommended sentences of thirty years, twenty years, and ten years, respectively. Following the jury's recommendation, the trial court ordered the life sentence to be served consecutive to the other sentences, which were ordered to be served concurrently with each other. Appellant now brings his appeal.

For his sole point on appeal, appellant submits that he was denied his right to a public trial in violation of the Sixth Amendment to the United States Constitution and article 2, section 10 of the Arkansas Constitution when his wife was excluded from the courtroom during the testimony of her children. Our standard of review in this case is abuse of discretion. *Sirratt v. State*, 240 Ark. 47, 50-51, 398 S.W.2d 63, 65 (1966) (citing *Hogan v. State*, 191 Ark. 437, 86 S.W.2d 93 (1935) (holding that the courtroom might be cleared for a short period of time in the interest of justice, and that such a matter rests in the sound discretion of the trial court)).

The State responds, arguing that, because the appellant did not argue that he was denied the right to a "public trial," but instead only argued that the information proffered to the prosecutor was "hearsay," appellant is precluded from raising this argument on appeal. Alternatively, the State argues that the trial court's exclusion of the mother of the two witnesses was limited in scope and did not abridge the appellant's right to a public trial.

We have precluded appellants from raising arguments on appeal that were not first brought to the attention of the trial court. *Marta v. State*, 336 Ark. 67, 80, 983 S.W.2d 924, 931 (1999) (citing *Burris v. State*, 330 Ark. 66, 954 S.W.2d 209 (1997); *McGhee v. State*, 330 Ark. 38, 954 S.W.2d 209 (1997)). We have extended this preclusion to include constitutional arguments. Our law is well settled that issues raised for the first time on appeal, even constitutional ones, will not be considered because the trial court never had the opportunity to rule on them. *London v. State*, 354 Ark. 313, 320, 125 S.W.3d 813, 817 (2003). We have repeatedly held that an appellant is limited by the scope and nature of the arguments and objections presented at trial, and may not change the grounds for objection on appeal. *Cox v. Miller*, 363 Ark. 54, 210 S.W.3d 842 (2005); *see also City of Fort Smith v. Didicom Towers, Inc.*, 362 Ark. 469, 209 S.W.3d 344 (2005); *Barnes v. Everett*, 351 Ark. 479, 495, 95 S.W.3d 740, 750 (2003). Here, appellant only objected to the exclusion of his wife on hearsay grounds and did

not object on grounds of violation of right to public trial. Therefore, since appellant did not preserve his sole point on appeal, we affirm the circuit court's ruling.

In compliance with Ark. Sup. Ct. R. 4-3(h), the record has been examined for all objections, motions, and requests made by either party that were decided adversely to the appellant, but not argued on appeal. Appellant contends that two rulings were in error, but he concedes that these issues were not preserved for our review, and we agree. Therefore, no reversible errors were found.

Affirmed.