Marques Derail TAVRON *v.* STATE of Arkansas

CR 07-153                                                      273 S.W.3d 501

Supreme Court of Arkansas
Opinion delivered January 31, 2008

*Cullen & Co., PLLC,* by: *Tim Cullen* and *Kami Wallace,* for appellant.

*Dustin McDaniel,* Att'y Gen., by: *Karen Virginia Wallace,* Ass't Att'y Gen., for appellee.

DONALD L. CORBIN, Justice. Appellant Marques Derail Tavron appeals the order of the Pulaski County Circuit

Court convicting him of one count of capital murder in connection with the death of eighteen-year-old Brady Alexander. Tavron's sole argument on appeal is that the circuit court abused its discretion in preventing him from introducing the entirety of his jailhouse confession after allowing the State to introduce part of the confession. As Tavron was sentenced to life imprisonment without the possibility of parole, our jurisdiction is pursuant to Ark. Sup. Ct. R. 1-2(a)(2). We find no error and affirm.

As Tavron does not challenge the sufficiency of the evidence against him, an in-depth recitation of the facts is not necessary. Suffice it to say, on April 19, 2006, the Little Rock Police Department was notified of a shooting at a Waffle House on Scott Hamilton Drive. When Officer Jenny Goss arrived on the scene, she came into contact with Jacque and Robert Alexander, parents of Brady Alexander. The Alexanders had received a call from the mother of Patrick Peters, a friend of Brady's, who told them Brady had been shot earlier in the evening in the parking lot of Waffle House. Mrs. Alexander provided a description of Brady's vehicle, while Mr. Alexander continually tried to contact Brady via his cell phone. Finally, Brady answered the phone, and Mr. Alexander gave the phone to Officer Goss. Brady told Officer Goss that he was driving around and would return shortly.

In reality, Brady was being held at gunpoint by Tavron and Martinous Moore. Earlier in the evening, Brady and Patrick had arranged to purchase some marijuana from Gavino Mazurek, a school acquaintance. Mazurek, Moore, and Tavron had then hatched a plan to rob Alexander when he showed up to buy the drugs. As Brady and Patrick waited for Mazurek in the Waffle House parking lot, Moore tapped on the window of Brady's vehicle, identified himself as a friend of Mazurek's, and asked to be let in the car. Patrick then got out of the car, at which point, Tavron approached him and told him to walk away, because "Brady's about to get hit." When Tavron showed Patrick a gun, Patrick started to walk away and then heard a gunshot from inside Brady's vehicle, followed by Brady screaming.

The next day, police recovered Brady's abandoned vehicle in the Wrightsville area. Inside, they found Brady's body, in a sleeping bag. He had been shot in the right thigh and the left upper neck. After talking with Patrick, police developed Tavron as a suspect. Tavron subsequently gave a statement, implicating Moore. Further investigation led authorities to arrest and charge Tavron with capital felony murder. He was tried before a jury on

October 23-24, 2006, and found guilty and sentenced to a term of life imprisonment. This appeal followed.

As his sole point on appeal, Tavron argues that the circuit court committed reversible error when it refused to allow him to introduce all other relevant parts of his jailhouse confession after allowing the State to introduce a portion of that confession. The State counters that this argument is not preserved for review, as Tavron failed to raise an argument regarding the admissibility of the confession at trial. Alternatively, the State argues that the trial court did not abuse its discretion, nor can Tavron establish that he suffered prejudice as a result of the ruling. Finally, the State avers that even if this court were to determine that the court abused its discretion, any resulting error was harmless in light of the over-whelming evidence of Tavron's guilt.

We begin our analysis by reviewing the State's contention that Tavron's argument is not preserved for our review. It is a well-settled principle of appellate law that arguments not raised at trial will not be addressed for the first time on appeal. *Buford v. State*, 368 Ark. 87, 243 S.W.3d 300 (2006); *Hinkston v. State*, 340 Ark. 530, 10 S.W.3d 906 (2000). Likewise, parties cannot change the grounds for an objection on appeal, but are bound by the scope and nature of their objections as presented at trial. *Id.*

The following colloquy took place at trial during the examination of State's witness Ray Lewis:

> DEFENSE COUNSEL: Just a couple of questions, Judge.
>
> THE STATE: May I approach?
>
> THE COURT: Sure.
>
> THE STATE: May we approach the Bench first?
>
> THE COURT: Yes.
>
> . . . .
>
> THE STATE: Your Honor, I think that Mr. Smith is wanting to introduce the, he's wanting to introduce the five page confession that was written that is by his client. And, I would just object to it coming in at this point. I think it's self-serving. I think that he wants to put his client on to testify.

THE COURT: Well, I think it's an out of Court statement. It's not by a party opponent, but I think it would be admissible from your standpoint.

THE STATE: Thank you, Your Honor.

THE COURT: Do you have any —

DEFENSE COUNSEL: I don't have any. Your Honor, I wasn't planning on introducing anything. I need a Defendant's sticker.

At this point, defense counsel showed Mr. Lewis the statement handwritten by Tavron that was marked for identification as Defendant's Exhibit One and asked him if he recognized it. Mr. Lewis acknowledged that he recognized the statement and that his signature appeared at the end of the statement as a witness. Thereafter, the following colloquy took place:

DEFENSE COUNSEL: Your Honor, I move that it be introduced as Defendant's One.

THE COURT: I think pursuant to our previous discussion, it's not admissible.

DEFENSE COUNSEL: Okay. I have no further questions.

THE COURT: You may, it's been marked for identification. So, we'll leave it right there.

DEFENSE COUNSEL: Okay.

■ Tavron avers that the above colloquy demonstrates that his argument is preserved for our review, as he obtained a ruling that the statement was self-serving and proffered the statement. His argument fails to recognize, however, that he never raised the argument that he now raises on appeal; specifically, that the written statement and oral statement that he made to Lewis was one, single statement and that it was error for the trial court to allow the State to pick and choose what parts of that statement it wanted to introduce. That argument was never made to the trial court; thus, the trial court never had the opportunity to rule on it. We have prohibited appellants from raising arguments on appeal

that were not first brought to the attention of the trial court. *Callaway v. State*, 368 Ark. 412, 246 S.W.3d 889 (2007); *Marta v. State*, 336 Ark. 67, 983 S.W.2d 924 (1999). An Appellant is limited by the scope and nature of the arguments and objections presented at trial, and may not change the grounds for objection on appeal. *Thomas v. State*, 370 Ark. 70, 257 S.W.3d 92 (2007); *London v. State*, 354 Ark. 313, 125 S.W.3d 813 (2003). Accordingly, we are precluded from reaching the merits of Tavron's argument.

In compliance with Ark. Sup. Ct. R. 4-3(h), the record has been examined for all objections, motions, and requests made by either party that were decided adversely to Tavron, and no prejudicial error has been found.

Affirmed.

BROWN, J., not participating.