# Dennis Ray ALLEN  *v.*  STATE of Arkansas

CR 08-47                                         287 S.W.3d 579

Supreme Court of Arkansas
Opinion delivered September 25, 2008

*Teresa M. Smith, Attorney at Law, PLLC,* by: *Teresa M. Smith,* for appellant.

*Dustin McDaniel,* Att'y Gen., by: *Farhan Khan,* Ass't Att'y Gen., for appellee.

ANNABELLE CLINTON IMBER, Justice. Appellant Dennis Ray Allen was convicted by a Lonoke County jury of four counts of rape and four counts of second-degree sexual assault in connection with the alleged abuse of four of his minor step-grandchildren. He was sentenced to life imprisonment in the Arkansas Department of Correction on each of the rape convictions and to twenty years' imprisonment on each of the sexual-assault convictions, totaling four life sentences plus eighty years. The circuit court accepted the jury's recommendation that the sentences be served consecutively. Allen now appeals, alleging two points of error: 1) the

circuit court erred in refusing to allow him to question one of the State's witnesses regarding her alleged sexual relationship with her son; and 2) the circuit court erred in allowing testimony over his objections pursuant to Arkansas Rules of Evidence 404(b) and 403, when the alleged prior bad acts occurred many years ago and were not similar in nature to the charged acts, and when the prejudice to Allen far outweighed any probative value. Because Allen was sentenced to terms of life imprisonment, our jurisdiction is pursuant to Arkansas Supreme Court Rule 1-2(a)(2) (2008). We find no error and affirm.

In August of 2003, Allen and his wife had legal guardianship of three female children. Their mother was one of his wife's daughters from a prior marriage. At that time, the Arkansas State Police Crimes Against Children Division interviewed C.H., A.C., and C.C., who were approximately eleven, nine, and eight years old, respectively, in an effort to determine whether Allen was abusing them. Each of the children denied that they were being abused. Due to the statement of a witness, the children were interviewed again in March of 2004, by both the Crimes Against Children Division and the local police department. They again denied any abuse. In December of 2005, however, K.K., the children's thirteen-year-old male cousin, reported that he had been abused by Allen. K.K. disclosed to his mother, Allen's other stepdaughter, that Allen had touched his penis and forced him to perform oral sex on multiple occasions while he was staying at his grandparents' house. K.K.'s mother notified the local police department and informed her sister of the allegations. C.H., A.C., and C.C., who by that time had returned to their mother's custody, disclosed that they had been abused as well. Allen was arrested on January 17, 2006, and charged with four counts of rape and four counts of sexual assault in the second degree.

At trial, each of the four children testified that Allen had forced them to touch his penis and to perform oral sex on him. The girls testified that Allen had penetrated them digitally and with toys and markers. C.H., A.C., and K.K. all testified to Allen's use of dildos; K.K. indicated that Allen had inserted them into K.K.'s anus on approximately three occasions. C.H. and A.C. both testified that Allen had attempted sexual intercourse with them. C.H. and A.C. also testified that Allen forced them to remove their clothing and dance for him and for other adults, took photographs of them naked, and showed them pornography. According to C.H.'s testimony, Allen also forced the girls to "do stuff" to each other and forced K.K. to perform oral sex on the girls. K.K.

testified that Allen tried to force him and A.C. to attempt sexual intercourse, in the presence of another adult. Finally, each of the girls explained that they had not disclosed the abuse earlier because Allen had threatened to kill them if they told anyone. C.C. testified that Allen had shown her his gun. K.K. testified that Allen beat them and that they were therefore afraid to disclose the abuse. The only witness called by the defense was a board-certified urologist who testified to having treated Allen for erectile dysfunction and a painful condition on his penis. The jury returned guilty verdicts on all eight of the charges.

Allen's first challenge on appeal involves the trial testimony of K.K.'s mother. Upon being called by the State, she testified that she noticed a change in her son's behavior, including depression and weight gain, prior to his informing her of the abuse. At that point in her testimony, Allen asked, "Is that when you were having sex with him?" Allen's counsel indicated a desire to question K.K.'s mother about this allegation, in an effort to show that she and her son brought false accusations against Allen in response to Allen's threat to expose their sexual relationship. The State moved to exclude such testimony as prohibited by the rape-shield statute. Following an off-the-record bench conference, the circuit court granted the State's motion.

Allen contends that the court's ruling was in error. Specifically, he claims that evidence of a sexual relationship between K.K. and his mother was relevant to attack their credibility and was not barred by the rape-shield statute, as it was directly related to the issue of his guilt or innocence. In discussing our standard of review for evidentiary rulings generally, we have said that circuit courts have broad discretion and that a circuit court's ruling on the admissibility of evidence will not be reversed absent an abuse of that discretion. *Hickman v. State*, 372 Ark. 438, 443, 277 S.W.3d 217, 222 (2008). More specifically, with regard to evidence subject to the rape-shield statute, we have said that the circuit court is vested with a great deal of discretion in ruling whether evidence is relevant. *Rounsaville v. State*, 372 Ark. 252, 273 S.W.3d 486 (2008). This court will not reverse the circuit court's decision as to the admissibility of rape-shield evidence unless its ruling constituted clear error or a manifest abuse of discretion. *Id.* at 258, 273 S.W.3d at 491.

We are precluded from addressing Allen's rape-shield argument, as it was not preserved for our review. The rape-shield statute provides that evidence of specific instances of the victim's

prior sexual conduct with any person is not admissible by the defendant, either through direct examination of any defense witness or through cross-examination of the victim or other prosecution witness, to attack the credibility of the victim or for any other purpose. Ark. Code Ann. § 16-42-101(b) (Repl. 1999). However, evidence directly pertaining to the act upon which the prosecution is based or evidence of the victim's prior sexual conduct with any person may be admitted if its relevancy is determined by the court. *Id.* § 16-42-101(c). To establish such relevancy, the defendant must file a written motion, before resting, stating that the defendant has an offer of relevant evidence prohibited by the statute and describing the purpose for which the evidence is believed relevant. *Id.* § 16-42-101(c)(1). The court then holds an in camera hearing on the motion. *Id.* § 16-42-101(c)(2)(A). A written record must be made of the hearing. *Id.* § 16-42-101(c)(2)(B). If the court determines that "the offered proof is relevant to a fact in issue, and that its probative value outweighs its inflammatory or prejudicial nature," the court makes a written order detailing what evidence is admissible and what testimony may be elicited based upon that evidence. *Id.* § 16-42-101(c)(2)(C).

■ Allen failed to follow the procedure set forth in Arkansas Code Annotated section 16-42-101(c) for establishing relevancy and admissibility of evidence otherwise excluded by the rape-shield statute. The record does not contain a written motion filed by Allen requesting an exception for relevant evidence, nor does it contain a written record of an in camera hearing. The record does indicate that the circuit court held an off-the-record bench conference with counsel after the State moved to prohibit the testimony. However, section 16-42-101(c) is clear: the defendant must file a written motion, and a written record must be made of the in camera hearing on the motion.

We have noted that admissibility of a victim's prior sexual conduct as an exception under the rape-shield statute must be determined in accordance with the procedures set forth in section 16-42-101(c). *Laughlin v. State*, 316 Ark. 489, 497, 872 S.W.2d 848, 853 (1994). "In order to set in motion a relevancy decision by the trial court regarding prior sexual conduct, § 16-42-101(c)(1) requires that the defendant file a written motion with the court before resting to the effect that the defendant desires to present evidence of the victim's past sexual activity." *Id.*, 872 S.W.2d at 853. In *Laughlin*, where no written motion was filed and no in camera hearing was conducted as required by section 16-42-

101(c), the procedure followed was "defective and insufficient to invoke a relevancy determination under the Rape Shield Statute." *Id.* at 497-98, 872 S.W.2d at 853. This court thus rejected the appellant's relevancy arguments on appeal. *Id.*, 872 S.W.2d at 853. We must similarly reject Allen's arguments. Because Allen failed to follow the proper procedure in requesting an exception, we affirm the circuit court's decision.

Allen's second challenge on appeal involves the testimony of James Sweeny, another prosecution witness. Sweeny testified that he was approximately twelve years old when he met Allen, who was his grandmother's next-door neighbor. At that time, Allen would have been in his early thirties. The two began a friendship, which Sweeny characterized as a "role model type situation at first." Sweeny testified that Allen called him "son" and that he called Allen "dad." He also testified that Allen bought things for him, took him out to eat, and gave him special attention at a time when he needed it, due to his recent discovery that he had been adopted. According to Sweeny's testimony, Allen talked about "sexual things" with him and started sexually abusing him when he was thirteen years old. The abuse began with Allen touching Sweeny's leg and groin and progressed to fondling and oral sex. Sweeny testified that the abuse continued until he was nearly eighteen years old. At the time of trial, Sweeny was incarcerated for the sexual abuse of a two-year-old boy. He testified that, based on what he had learned in sex-offender counseling, his offending could be attributed in part to his own victimization and the "grooming" process employed by Allen to lure him.

Sweeny also testified that he had maintained a friendship with Allen in his adult years and that Allen made sexual comments about his step-granddaughters. Sweeny testified that, on one occasion, Allen had C.H. remove her clothes and "strip dance" for them. On another occasion, Allen gave A.C. marijuana and had her perform oral sex on Sweeny, while Sweeny performed oral sex on her. Immediately after that, Allen had A.C. perform oral sex on him, and he later performed oral sex on her. Sweeny also testified that he witnessed Allen force K.K. and A.C. to attempt sexual intercourse. The circuit court permitted Sweeny to testify as a fact witness to what he had observed. In addition, the court eventually overruled Allen's objections under Arkansas Rules of Evidence 404(b) and 403 and permitted the testimony regarding the alleged prior bad acts.

Allen contends on appeal that the evidence was improper under Rule 404(b) because the alleged abuse of Sweeny was never substantiated or charged, was not similar in nature to the conduct underlying the present charges, was too remote in time to be relevant, and was presented through the testimony of an admitted pedophile. He also claims error under Rule 403, arguing that the sole purpose of the presentation of Sweeny's testimony was to inflame the jury. The State maintains that the circuit court correctly applied the pedophile exception to Rule 404(b), and that the probative value of the evidence at issue was not substantially outweighed by any danger of unfair prejudice. The admission or rejection of evidence under Rule 404(b) is committed to the sound discretion of the circuit court, which this court will not disturb on appeal absent a showing of manifest abuse. *Echols v. State*, 326 Ark. 917, 964, 936 S.W.2d 509, 533 (1996). We review a circuit court's decision to admit evidence over a Rule 403 objection under an abuse-of-discretion standard as well. *Flanery v. State*, 362 Ark. 311, 315, 208 S.W.3d 187, 191 (2005).

Rule 404(b) provides as follows:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

Ark. R. Evid. 404(b) (2008). Evidence offered under Rule 404(b) must be independently relevant to make the existence of any fact of consequence more or less probable than it would be without the evidence. *Lamb v. State*, 372 Ark. 277, 283, 275 S.W.3d 144, 149 (2008). In other words, the prior bad act must be independently relevant to the main issue, in that it tends to prove some material point rather than merely proving that the defendant is a criminal. *Id.*, 275 S.W.3d at 149.

This court has long recognized a "pedophile exception" to Rule 404(b). *Id.*, 275 S.W.3d at 149. We have approved allowing evidence of the defendant's similar acts with the same or other children when it is helpful in showing a proclivity for a specific act with a person or class of persons with whom the defendant has an intimate relationship. *Id.* at 283-84, 275 S.W.3d at 149. The rationale for this exception is that such evidence helps to prove the depraved sexual instinct of the accused. *Id.* at 284, 275

S.W.3d at 149. For the pedophile exception to apply, we require that there be a sufficient degree of similarity between the evidence to be introduced and the sexual conduct of the defendant. *Hamm v. State*, 365 Ark. 647, 652, 232 S.W.3d 463, 468 (2006). We also require that there be an "intimate relationship" between the perpetrator and the victim of the prior act. *Id.* at 652, 232 S.W.3d at 468-69.

Allen contends that the pedophile exception is not applicable here for several reasons. First, he points out that the abuse alleged by James Sweeny was never substantiated and that Allen was never charged for that conduct. Rule 404(b), however, makes no distinction between substantiated and unsubstantiated conduct, or between charged and uncharged conduct. This court has explicitly held that our application of the pedophile exception does not require that the prior act be charged or substantiated. *Bell v. State*, 371 Ark. 375, 385, 266 S.W.3d 696, 705 (2007).

Second, Allen asserts that the alleged prior bad acts and the conduct underlying the present charges were not sufficiently similar for application of the pedophile exception. Specifically, he notes that Sweeny was not a member of Allen's family, nor did they reside in the same household at the time of the alleged abuse. This court has specifically rejected a requirement that the alleged victim of a prior bad act be a member of the defendant's family or household for the evidence to be ruled admissible under the pedophile exception. *Parish v. State*, 357 Ark. 260, 270, 163 S.W.3d 843, 849 (2004); *Berger v. State*, 343 Ark. 413, 419-20, 36 S.W.3d 286, 290-91 (2001). Moreover, we hold that the State has successfully established the existence of an "intimate relationship" between Allen and Sweeny. *See Thompson v. State*, 322 Ark. 586, 589, 910 S.W.2d 694, 697 (1995). As previously noted, Sweeny testified that he viewed Allen as a role model and that they referred to each other as father and son. He also testified that Allen purchased things for him, took him out to eat, and gave him special attention. In addition, C.H. testified that Allen told her that Sweeny was his son. This evidence is sufficient to demonstrate a relationship "close in friendship or acquaintance, familiar, near, or confidential." *Parish v. State*, 357 Ark. at 270, 163 S.W.3d at 849.

Third, Allen contends that the alleged prior bad acts were too remote in time to be relevant and admissible under the pedophile exception. He notes that Sweeny was between the ages of thirteen and eighteen when the abuse allegedly occurred, and

that at the time of trial Sweeny was thirty years old. This court has allowed testimony regarding alleged prior sexual conduct "even when a significant time gap exists." *Flanery v. State*, 362 Ark. at 315, 208 S.W.3d at 190. More specifically, we have permitted evidence of conduct occurring nearly twenty years prior to the charged conduct. *Lamb v. State*, 372 Ark. at 284-85, 275 S.W.3d at 144. We noted in *Lamb* that the circuit court is given sound discretion over the matter of remoteness and will be overturned only when it is clear that the questioned evidence has no connection with any issue in the present case. *Id.* at 284, 275 S.W.3d at 150. We have generally upheld remoteness determinations when the similarities between the alleged prior act and the charged offense tend to show an intent to commit the charged offense. *Id.* at 284-85, 275 S.W.3d at 150 (citing *Nelson v. State*, 365 Ark. 314, 229 S.W.3d 35 (2006); *Flanery v. State, supra*). We hold that Sweeny's testimony helped to demonstrate Allen's intent as it relates to the present charges.

Finally, Allen points out that the evidence of the alleged prior bad acts was presented through the testimony of an admitted pedophile. He seems to suggest that a witness such as Sweeny should not have been deemed credible. It is well settled, however, that the credibility of witnesses is an issue for the jury and not the court. *Price v. State*, 373 Ark. 435, 284 S.W.3d 462 (2008). The trier of fact is free to believe all or part of any witness's testimony and may resolve questions of conflicting testimony and inconsistent evidence. *Id.* at 438-39, 284 S.W.3d at 465.

We likewise find no merit in Allen's Rule 403 argument. Rule 403 provides that, "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by consideration of undue delay, waste of time, or needless presentation of cumulative evidence." Ark. R. Evid. 403 (2008). This court has noted that evidence offered by the State is often likely to be prejudicial to the accused, but the evidence should not be excluded unless the accused can show that it lacks probative value in view of the risk of unfair prejudice. *Morris v. State*, 367 Ark. 406, 414, 240 S.W.3d 593, 599 (2006). Therefore, the fact that the evidence would have inflamed the jury is insufficient to exclude it under Rule 403.

In cases involving evidence subject to the pedophile exception, we have looked to the similarities between the alleged

prior conduct and the charged conduct to determine whether they make the evidence probative on the issue of the accused's motive, intent, preparation, plan, and scheme. *Id.*, 240 S.W.3d at 599. When the similarities are significant, we have permitted the evidence, despite the prejudice to the accused. *Id.*, 240 S.W.3d at 599; *Flanery v. State*, 362 Ark. at 315-16, 208 S.W.3d at 191. We have also noted that the evidence is permissible when the similarities make it probative on the issue of the accused's deviate sexual impulses. *Flanery v. State*, 362 Ark. at 316, 208 S.W.3d at 191. In the instant case, Allen is alleged to have fondled Sweeny and his step-grandchildren and to have forced them all to perform oral sex on him. In addition, Sweeny and the step-grandchildren were, to a certain degree, under Allen's care at the time of the abuse. These similarities are significant and probative on the issue of Allen's deviate sexual impulses. Accordingly, we cannot say that the probative value of the evidence at issue was substantially outweighed by any danger of unfair prejudice.

Finally, Allen argues that the circuit court erred in allowing Sweeny to testify that Allen was partially to blame for Sweeny's subsequent sexual abuse of a child. According to Allen, Sweeny's testimony allowed the jury to convict Allen for Sweeny's criminal behavior. However, this argument is not preserved for our review, as Allen failed to make this objection below. It is a well-settled principle of appellate law that arguments not raised at trial will not be addressed for the first time on appeal. *Tavron v. State*, 372 Ark. 229, 231, 273 S.W.3d 501, 502 (2008). An appellant is limited by the scope and nature of the arguments and objections presented at trial and may not change the grounds for objection on appeal. *Id.* at 233, 273 S.W.3d at 503. Allen never objected to Sweeny's testimony regarding his subsequent sexual abuse of a child and his belief that Allen was to blame. Accordingly, we are precluded from addressing this argument on appeal.

Pursuant to Rule 4-3(h) of the Rules of the Supreme Court, the record in this case has been reviewed for all objections, motions, and requests made by either party, which were decided adversely to Allen, and no prejudicial error has been found.

Affirmed.

GLAZE, J., not participating.