SLIP OPINION



Cite as 2013 Ark. App. 651

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CR-13-105

| | | |
|---|---|---|
| | | **Opinion Delivered** November 6, 2013 |
| OTIS GIPSON | APPELLANT | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, SEVENTH DIVISION |
| V. | | [NO. CR-11-2873] |
| | | HONORABLE BARRY SIMS, JUDGE |
| STATE OF ARKANSAS | APPELLEE | AFFIRMED |

### KENNETH S. HIXSON, Judge

A jury in Pulaski County Circuit Court found appellant Otis Gipson guilty of raping his former girlfriend's two minor daughters, F.T. and S.R., during the time that he lived with them. For the two counts of rape,[1] he was sentenced as a habitual offender to concurrent thirty-five-year prison sentences. On appeal, appellant challenges two evidentiary rulings, asserting that the trial court abused its discretion in (1) disallowing defense questions about the presence of another man's semen on F.T.'s bed sheet, and (2) permitting the State, during the sentencing phase, to introduce two prior felonies allegedly committed by the appellant during the sentencing phase without sufficient foundation. We disagree with appellant's arguments, holding that he has not demonstrated reversible error, and affirm.

---

[1]Appellant was accused of raping F.T. on one occasion, November 28, 2008. Appellant was accused of raping S.R. multiples times over the course of three years, between June 2004–June 2007. Appellant does not challenge the sufficiency of the evidence to support the convictions, so we need not set out the testimony that supports the convictions.

Appellant's first argument is that the trial court erred in prohibiting defense counsel from questioning an Arkansas State Crime Laboratory DNA analyst, Morgan Nixon, about the presence of another man's semen on F.T.'s bed sheet. At a pretrial hearing, the State presented a motion in limine, requesting that this evidence be excluded as protected under the rape-shield statute. The trial court agreed, excluding any mention of another person's semen on the bed sheet. Defense counsel was permitted, however, to elicit testimony that appellant's DNA was not found on the bed sheet.

During her direct testimony, Nixon testified that the appellant's DNA was not present on the victim's bed sheet. On re-direct, the prosecutor then asked Nixon if the victim's DNA was found on the sheet, and Nixon responded that the victim could not be excluded as a minor contributor of DNA. Defense counsel approached the bench and asserted that by asking whether the victim's DNA was present on the bed sheet, the prosecutor "opened the door" to inquiring about the identity of another person's DNA in semen on the sheet. The State resisted that argument, and the trial court ruled that the door had not been opened and denied the defense request. We affirm the trial court's ruling.

The purpose of the rape-shield statute is to shield victims of rape or sexual abuse from the humiliation of having their personal conduct, unrelated to the charges pending, paraded before the jury and the public when such conduct is irrelevant to the defendant's guilt. *Stewart v. State*, 2012 Ark. 349, __ S.W.3d __. A trial court is vested with wide discretion in deciding whether evidence is relevant and admissible, and we will not overturn that decision absent clear error or a manifest abuse of discretion. *Id*.

Appellant contends on appeal that the presence of another male's DNA on the victim's bed sheets is relevant to identify the victim's rapist. While the appellant did argue to the trial court that the State opened the door for additional DNA questioning, the appellant did not make the argument that the presence of another male's DNA on the sheets was relevant to the identity of the rapist. Since this argument was not raised at the trial level or ruled on, and parties are bound on appeal to the scope and nature of the arguments raised at trial, this relevancy argument is not preserved for appeal. *Tavron v. State*, 372 Ark. 229, 273 S.W.3d 501 (2008).

The argument raised at trial was that this inadmissible evidence became admissible because the State "opened the door." *Larimore v. State*, 317 Ark. 111, 877 S.W.2d 570 (1994) (A party may open the door to otherwise inadmissible evidence and thus permit the other party to "fight fire with fire."). The trial court ruled, and we agree, that the State's questions about F.T.'s DNA did not open the door to asking about another man's semen. Moreover, pursuant to the rape-shield statute, Ark. Code Ann. § 16-42-101(c)(1), and Ark. R. Evid. 411(c)(1) (2013), if a defendant desires to have such evidence considered for admissibility, a written motion is required to be submitted to the trial court for its consideration. *See Hanlin v. State*, 356 Ark. 516, 157 S.W.3d 181 (2004). Appellant did not comply with this directive.

Appellant's second argument on appeal focuses on the State's presentation of two prior felonies in order to support appellant's status as a habitual offender. The State bears the burden to prove a defendant's prior convictions for purposes of the habitual-offender statute. *See Williams v. State*, 304 Ark. 279, 801 S.W.2d 296 (1990). A prior felony may be proved

3

by any evidence that satisfies the trial court beyond a reasonable doubt that the defendant was convicted or found guilty of the prior felony. Ark. Code Ann. § 5-4-504(a) (Repl. 2006). Examples of satisfactory evidence are a certified copy of the record of a previous conviction; a certificate of the warden that contains the defendant's name and fingerprints as those in the warden's records; or a certificate of the chief custodian of the United States Department of Justice. *Id.* at subsection (b)(1), (2), and (3). The test on appeal is whether there is substantial evidence that the defendant was convicted of the felonies in question. *Williams*, *supra*.

Here, the State sought to offer several felonies, and two of them were certified copies of judgments from the State of Mississippi: a 2009 conviction for delivery of cocaine and a 1990 conviction for burglary. These contained his full name "Otis Delotis Gipson" but not his birth date. Appellant asserted that this was insufficient proof that these were appellant's convictions, but the trial court disagreed. The trial court excluded other prior felonies that did not include his middle name or other identifying information. We hold that there was substantial evidence of appellant's identity due to his unique full name, "Otis Delotis Gipson," used throughout the record in these proceedings, such that it was not error to submit these two Mississippi convictions as proof of his habitual-offender status. *See Leggins v. State*, 271 Ark. 616, 609 S.W.2d 76 (1980).

Having applied the proper standard of review, we affirm appellant's convictions.

WALMSLEY and BROWN, JJ., agree.

*William R. Simpson, Jr.*, Public Defender, and *Dan Hancock*, Deputy Public Defender, by: *Margaret Egan*, Deputy Public Defender, for appellant.
*Dustin McDaniel*, Att'y Gen., by: *Kathryn Henry*, Ass't Att'y Gen., for appellee.