Cite as 2020 Ark. App. 50

# ARKANSAS COURT OF APPEALS

DIVISION III
**No.** CR-19-433

|  |  |  |
|---|---|---|
| | | **Opinion Delivered** January 29, 2020 |
| TRACY LEE BRONSON | | APPEAL FROM THE GARLAND |
| | APPELLANT | COUNTY CIRCUIT COURT |
| | | [NO. 26CR-17-23] |
| V. | | |
| | | HONORABLE MARCIA R. |
| STATE OF ARKANSAS | | HEARNSBERGER, JUDGE |
| | APPELLEE | |
| | | AFFIRMED |

## BRANDON J. HARRISON, Judge

Tracy Lee Bronson appeals his conviction for rape, arguing that the circuit court erred in admitting evidence pursuant to Ark. R. Evid. 404(b) (2019). We affirm the circuit court.

In January 2017, Bronson was charged with rape.[1] The State alleged that he had engaged in sexual intercourse or deviate sexual activity with an eight-year-old female. In May 2017, the State moved to admit evidence pursuant to Ark. R. Evid. 404(b), noting that Bronson had committed a similar offense against a fifteen-year-old female and that this evidence was admissible under the pedophile exception to show Bronson's motive, intent, and plan.

---

[1]The information was later amended to charge Bronson as a habitual offender.

The circuit court convened a hearing on the motion in September 2017. Seventeen-year-old SH testified that in December 2015, she was hanging out with a friend at her cousin's house, which was next door to where SH lived with her father. Gloria Pace is her cousin, and SH knew Bronson through Pace. Bronson was also there, and according to SH, he gave her alcohol and "put his hands on [her]." She said that every time she walked by, he touched her breasts or her behind over her clothes. On cross-examination, she said that she had known Bronson "for a while" and that he had never attempted to coerce her into touching him or taking her clothes off. On redirect, SH said that he did try to get her to kiss her friend, who was thirteen years old at the time.

On 30 October 2017, the circuit court granted the State's motion and made the following findings:

1. The evidence and testimony adduced at the hearing of this matter was similar to the allegations in the current case.

2. Both cases involved minor children over whom the Defendant was in a position of trust or authority pursuant to the living arrangements.

3. Said evidence and testimony is admissible to show intent and lack of mistake pursuant to Rule 404(b) of the Arkansas Rules of Evidence.

4. Said evidence and testimony is also admissible pursuant to the Pedophile Exception to Rule 404(b).

After obtaining new counsel, Bronson objected to the State's use of this Rule 404(b) evidence, arguing that it was not relevant, but counsel acknowledged at a pretrial hearing that "the Court had ruled on that before I got in the case and I'll have to abide by the Court's ruling."

2

The circuit court conducted a jury trial on 15 August 2018. Because Bronson does not challenge the sufficiency of the evidence supporting his conviction, a detailed recitation of the evidence presented at trial is not necessary. Ten–year–old SL testified that she used to live with her mother, Gloria Pace; that Bronson had been her mother's boyfriend; and that he had lived with them. She testified that while they lived together, Bronson had "put his front private part in behind me." She also said that Bronson had touched her "front private part" with his hand. And she recalled another time when Bronson had "pulled the cover off [her] and pulled [her] clothes down and put his front private part in [her]." She also stated that he had licked her chest.

Dr. Heather Borchert testified that she had performed a physical exam of SL in October 2016 and that "[w]ith the history that we obtained from [SL] and from her mom and the evidence we found during her physical exam, we suspected sexual abuse." Dr. Borchert opined that SL had suffered an "acute injury." Dr. Karen Farst, an expert in child–abuse pediatrics, confirmed that SL had suffered a "penetrating injury to the genital area that was consistent with the history of sexual abuse so sexual abuse would be the diagnosis."

The State also called SH as a witness; prior to her testimony, the defense "renew[ed]" its objection, which the court "note[d]." SH explained that her cousin is Gloria Pace and that Bronson was Pace's boyfriend. SH said that in December 2015, Pace and Bronson were living next door to her, and she described the night that Bronson had offered her alcohol and touched her butt and her breasts multiple times.

3

The defense also renewed its objection at the close of the State's case, the close of the defense's case, and after the State's rebuttal. The jury found Bronson guilty of rape, and he was sentenced to seventy years' imprisonment.

Rule 404(b) of the Arkansas Rules of Evidence is entitled "Other Crimes, Wrongs, or Acts" and provides as follows:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

Ark. R. Evid. 404(b) (2019). The first sentence provides the general rule excluding evidence of a defendant's prior bad acts, while the second sentence provides an exemplary, but not exhaustive, list of exceptions to that rule. *Hamm v. State*, 365 Ark. 647, 232 S.W.3d 463 (2006). These exceptions inure because such evidence is independently relevant and does not merely establish that the defendant is a bad person who does bad things. *Id.*

Additionally, our cases have also recognized a separate "pedophile exception" to the general rule that evidence of a defendant's prior bad acts cannot be used to prove that the defendant committed the charged crime. *Allen v. State*, 374 Ark. 309, 316, 287 S.W.3d 579, 584 (2008). The pedophile exception allows the State to introduce evidence of the defendant's similar acts with the same or other children when it is helpful in showing a proclivity for a specific act with a person or class of persons with whom the defendant has an intimate relationship. *Id.* The rationale for this exception is that such evidence helps to prove the depraved sexual instinct of the accused. *Id.* For the pedophile exception to apply, there must be a sufficient degree of similarity between the evidence to be introduced and

4

the charged sexual conduct. *Id.* We also require that there be an "intimate relationship" between the defendant and the victim of the prior act. *Id*. at 317, 287 S.W.3d at 585.

The admission or rejection of evidence under Rule 404(b) is within the sound discretion of the circuit court and will not be reversed absent a manifest abuse of discretion. *Hendrix v. State*, 2011 Ark. 122. Abuse of discretion is a high threshold that does not simply require error in the circuit court's decision, but requires that the circuit court acted improvidently, thoughtlessly, or without due consideration. *Dixon v. State*, 2011 Ark. 450, 385 S.W.3d 164.

Bronson argues that the circuit court erred in allowing SH's testimony because there are "major differences" between SL and SH. SL's testimony recounted penetration, while SH only testified to Bronson's touching her on the outside of her clothes. Also, SL was eight years old at the time of the alleged incident and lived with Bronson, while SH was fifteen years old and lived next door to Bronson. He asserts that the prejudicial effect of SH's testimony far outweighed its probative value.

In response, the State contends that the acts committed against SH and SL were similar and "demonstrated [Bronson's] depraved sexual instinct and [were] relevant to demonstrate his intent to target adolescen[t]-female victims within his access." The State notes that while Bronson had not previously committed all the same sexual acts against SH that he later committed against SL, Arkansas law does not require that the sexual acts be identical for the evidence to be permissible under the pedophile exception. The State cites several Arkansas cases to support its position. *See, e.g.*, *Craigg v. State*, 2012 Ark. 387, 424 S.W.3d 264 (evidence of defendant's prior touching a four-year-old female's vagina was

5

admissible and sufficiently similar conduct to his alleged rape of an eleven-year-old male); *Flanery v. State*, 362 Ark. 311, 208 S.W.3d 187 (2005) (evidence of a defendant's prior touching of his fourteen-year-old daughter's buttocks and vaginal area was admissible at his trial for the alleged rape of an eleven-year-old female); *Hernandez v. State¸* 331 Ark. 301, 962 S.W.2d 756 (1998) (defendant's prior sexual touching of a minor female was sufficiently similar to his alleged digital penetration and sexual intercourse with another minor female).

We hold that SH's testimony was relevant to show Bronson's proclivity to sexually abuse minor female victims, and the case law, particularly *Hernandez*, supports that conclusion. As to Bronson's Rule 403 argument, he failed to obtain a ruling from the circuit court, so it is not preserved for our review. *Holland v. State¸* 2015 Ark. 341, 471 S.W.3d 179.

Affirmed.

GLADWIN and WHITEAKER, JJ., agree.

*Steven R. Davis*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Michael Zangari*, Ass't Att'y Gen., for appellee.