James Renny EFIRD *v.* STATE of Arkansas

CA CR 07-885                                    282 S.W.3d 282

Court of Appeals of Arkansas
Opinion delivered April 9, 2008

*W. Ray Nickle*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Karen Virginia Wallace*, Ass't Att'y Gen., for appellee.

JOHN B. ROBBINS, Judge. Appellant James Renny Efird was convicted by a jury of rape and sexual indecency with a child. He was sentenced to consecutive prison terms of forty and twelve years. Mr. Efird now appeals, arguing that the trial court erred in allowing his younger half-brother, Doug Efird, to testify about prior sexual misconduct by the appellant. Alternatively, Mr. Efird argues that the trial court erred in denying his motion for a continuance, which was requested so he could investigate his brother's allegations and prepare for cross-examination. We agree with appellant's first argument, and we reverse and remand for a new trial.

The alleged victim in this case was appellant's former stepdaughter, H.M., who was eleven years old at the time of the trial. Mr. Efird was married to H.M.'s mother for several years before they separated in September 2005. H.M. testified that Mr. Efird had been a father figure to her, and that during the time they lived in the same house he did things that made her uncomfortable.

Specifically, H.M. testified that, "He peed in my mouth a few times and one time it had sperm in it." She stated that these episodes happened in the bathroom. H.M. further testified that at least thirty to fifty times "he stuck his penis in my butt." H.M. stated that this first happened at her aunt's house when she was four years old. On the other occasions, Mr. Efird would have anal sex with H.M. in H.M.'s mother's room, while her mother was at work. H.M. indicated that the sexual abuse continued until she was eight years old. On cross-examination, H.M. testified that appellant never put his penis in her mouth or touched her in her private area in the front.

Appellant's half-brother, Doug Efird, testified for the State over appellant's objection. Doug testified:

> James Efird did something inappropriate to me. When we were young, James touched me in my genital area. He had me touch him in his genital area and we had oral sex. He had me perform it on him and he performed it on me. This happened in our bedroom. We shared a bedroom. We had separate beds and he would come over and get in my bed with me. This occurred in the early to mid 1990's. I can't remember exactly.

On cross-examination, Doug testified:

> I guess I was twelve to thirteen years old when this event happened. There was a one year age difference between myself and my

brother. I am now twenty nine years old. It happened approximately seventeen years ago. I can't recall whether it was voluntary or not.

On appeal, Mr. Efird contends that the trial court erred in permitting his half-brother's testimony because it was inadmissible pursuant to Ark. R. Evid. 404(b), which provides:

*Other Crimes, Wrongs, or Acts.* Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

In *Lindsey v. State*, 319 Ark. 132, 890 S.W.2d 584 (1994), the supreme court held that if the introduction of testimony of other crimes, wrongs or acts is independently relevant to the main issue — relevant in the sense of tending to prove some material point rather than merely to prove that the defendant is a criminal — then evidence of that conduct may be admissible with a cautionary instruction by the court. Thus, if evidence of another crime, wrong, or act is relevant to show that the offense of which the appellant is accused actually occurred and is not introduced merely to prove bad character, it will not be excluded. *Id.* In the present case, Mr. Efird contends that evidence of his prior sexual acts with his half-brother was not relevant to any material issue and was merely introduced to show his bad character, and thus that the evidence should have been excluded.

The admission or rejection of evidence under Rule 404(b) is left to the sound discretion of the trial court and will not be disturbed absent a manifest abuse of discretion. *Munson v. State*, 331 Ark. 41, 959 S.W.2d 391 (1998). We hold that the trial court abused its discretion in admitting Doug Efird's testimony.

The State argues that the exceptions to Rule 404(b) apply here because Doug's testimony showed appellant's intent, plan, motive, preparation, or opportunity to rape or commit sexual indecency with H.M. The State further relies on the "pedophile exception" to Rule 404(b), where the supreme court has approved allowing evidence of similar acts with the same or other children when it is helpful in showing a proclivity for a specific act with a person or class of persons with whom the defendant has an intimate

relationship. *See Flanery v. State*, 362 Ark. 311, 208 S.W.3d 187 (2005). We cannot agree that any 404(b) exceptions are applicable to this case.

When the charge concerns the sexual abuse of children, the supreme court has held that evidence of sexual abuse with children other than the victim is admissible to show motive, intent, or plan pursuant to Ark. R. Evid. 404(b). *Parish v. State*, 357 Ark. 260, 163 S.W.3d 843 (2004). The rationale for recognizing the "pedophile exception" is that such evidence helps to prove the depraved instinct of the accused. *White v. State*, 367 Ark. 595, 242 S.W.3d 240 (2006). The basis of the exception is our acceptance of the notion that evidence of sexual acts with children may be shown as that evidence demonstrates a particular proclivity or instinct. *Hernandez v. State*, 331 Ark. 301, 962 S.W.2d 756 (1998). For the "pedophile exception" to apply, we require that there be a sufficient degree of similarity between the evidence to be introduced and the sexual conduct of the defendant. *See id.* We also require that there be an "intimate relationship" between the perpetrator and the victim of the prior act. *Berger v. State*, 343 Ark. 413, 36 S.W.3d 286 (2001). Since the adoption of Rule 404(b), the supreme court has recognized time as a factor in determining the probativeness of evidence of a prior crime. *Larimore v. State*, 317 Ark. 111, 877 S.W.2d 570 (1994).

In the instant case, Mr. Efird's sexual acts with his half-brother that occurred seventeen years ago were too dissimilar in character and temporally removed from the crimes charged to come under any exception to Rule 404(b), including the "pedophile exception," and only went to prove appellant's bad character.[1] The testimony of Doug Efird showed that while he and appellant were adolescents of between twelve to fourteen years of age, they engaged in genital touching and oral sex while sharing the same bedroom. Doug could not remember whether or not he participated voluntarily. By contrast, the current charges allege that Mr. Efird, as an adult and father figure with an intimate relationship with H.M., repeatedly forced anal sex on H.M. when she was four to eight years of age. H.M. testified that Mr. Efird never touched her on her "private area in the front" and never put

---

[1] While the time lapse between events was not in itself sufficient to exclude evidence of the prior conduct, it is significant when coupled with the dissimilarity of the acts and the fact that the prior conduct occurred at a time when appellant was a juvenile.

his penis in her mouth. And unlike the prior incident with appellant's half-brother, there was evidence that appellant threatened H.M. and told her not to tell anyone. Given the contrasting circumstances of the charged crimes and alleged prior conduct, we cannot say that the acts between appellant and his half-brother demonstrated any proclivity or instinct relevant to determining Mr. Efird's guilt in the present case. Such evidence was erroneously admitted and should have been excluded under Rule 404(b).

■ The State alternatively argues, citing *Johnson v. State*, 337 Ark. 477, 989 S.W.2d 525 (1999), that even if Doug's testimony was erroneously admitted, the error was harmless because the evidence of guilt was overwhelming and the error was slight. We do not agree. The only two witnesses to testify during the guilt phase of the trial were the victim and appellant's half-brother. James Efird did not confess to any criminal activity, and the only competent evidence of his guilt was provided by H.M.'s testimony. While the testimony of a rape victim is sufficient to sustain a conviction if believed by the jury, under these circumstances we cannot say that H.M.'s testimony alone constituted overwhelming evidence of appellant's guilt. Nor was the error slight given the probable prejudicial effect of Doug Efird's testimony. Therefore, we reverse and remand for a new trial. Because we agree with appellant's first argument, we need not address his alternative argument that a continuance should have been granted.

Reversed and remanded.

HART and MILLER, JJ., agree.