2012 Ark. 387

**Anthony Oral CRAIGG, Appellant**

v.

**STATE of Arkansas, Appellee.**

**No. CR 12–128.**

Supreme Court of Arkansas.

Oct. 11, 2012.

Rehearing Denied Nov. 15, 2012.

James Law Firm, by: Shelly H. Koehler, Little Rock, for appellant.

Dustin McDaniel, Att'y Gen., by: Jake H. Jones, Ass't Att'y Gen., for appellee.

JIM GUNTER, Justice.

A Washington County jury convicted appellant Anthony Craigg of rape and sentenced him to life in prison without the possibility of parole. On appeal, he argues that the trial judge erred by allowing the introduction of a prior offense into evidence under Arkansas Rule of Evidence 404(b). Because appellant was convicted of rape and sentenced to life imprisonment without parole, our jurisdiction is pursuant to Arkansas Supreme Court Rule 1–2(a)(2). We affirm because the trial judge did not abuse his discretion in finding that appellant's prior conviction satisfied the pedophile exception to Rule 404(b).

On July 15, 2011, the State filed a felony information charging appellant with one count of rape and one count of failure to comply with sex offender registration requirements. Specifically, the State alleged that appellant engaged in oral sex with a victim who was physically helpless and unable to consent in violation of Arkansas Code Annotated section 5–14–103(a)(2) (Repl.2006). In an amended felony information, the State dropped the failure-to-register count and added a habitual-offender enhancement under Arkansas Code Annotated section 5–4–501 (Repl.2006).

On November 4, 2011, appellant filed a motion to determine the admissibility of his prior conviction in Oklahoma for lewd molestation during trial and for purposes of penalty enhancement. On November 21, 2011, the trial judge held a hearing on appellant's motion.

The first witness to testify was Detective Gregory Samuels of the Fayetteville Police Department. Samuels interviewed the fourteen-year-old victim, J.P., during the early morning hours of June 11, 2011, and summarized J.P.'s account of what happened between him and appellant as follows. J.P. explained that he had known appellant for about a month, and although they were not "friends," the two shared a common interest in scooters. On June 10, 2011, J.P. and appellant spent most of the afternoon working on appellant's scooter. Later that evening, J.P. and appellant decided to go camping. They set up a campsite at a wooded area on the south end of Fayetteville, which was not visible from nearby roads. At some point, J.P. fell asleep and awoke to find his shirt pulled up, his pants pulled down, and appellant leaning over him performing oral sex on him. J.P. then struck appellant's face with his knee, got up, grabbed appellant's shirt,

wallet, and shoes, and ran to a nearby house to call the police.

The second witness to testify was Shannon Cozzoni, formerly a prosecutor in Creek County, Oklahoma, who prosecuted appellant for lewd molestation in 1998. Cozzoni's testimony was as follows. Some time in 1995, appellant was visiting the victim's mother's home and began "playing barbies" with the four-year-old victim in her bedroom. The |₃victim's mother and possibly one other adult were in the home, but were asleep in another part of the house. The victim claimed that during their play session appellant pulled her pants down and "licked her pee-pee." Appellant was charged under a statute which provides that it is a felony to knowingly and intentionally "look upon, touch, maul, or feel the body or private parts of a child under 16 in a lewd and lascivious manner."[1] Appellant pled guilty to this charge and was sentenced to twenty years' imprisonment with the first ten suspended.

During oral argument before the trial judge, appellant claimed that his prior conviction was inadmissible under Arkansas Rule of Evidence 404(b).[2] Specifically, appellant maintained that his prior conviction did not fall within any exception to Rule 404(b) because it had no independent relevance to the crime charged. He further contended that the pedophile exception was inapplicable because there was insufficient similarity between the two incidents, a significant amount of time had passed since the first incident, and there was no evidence that appellant had an intimate relationship with either victim.

The State, on the other hand, argued that appellant's prior conviction fit within the pedophile exception to Rule 404(b) because in each instance appellant engineered his assault by getting his victims alone and engaging them based on common interests. The State further |₄pointed out that the nature of the assault was the same because appellant performed oral sex on both victims.

At the close of the hearing, the trial judge told the parties that he needed more time to review the received exhibits and instructed them to submit briefs on the issues raised during the hearing. The judge indicated, however, that his inclination was to allow the State to introduce the conviction at trial. The State filed its post-hearing brief on November 23, 2011, and appellant filed a response on November 28, 2011.

At the December 1, 2011 pretrial hearing, the judge issued his formal ruling denying what he construed to be appellant's motion in limine to prohibit the State from introducing his prior conviction. The judge explained as follows.

I have concluded that the conviction is admissible and the State will be permitted to offer that in evidence and I came to that conclusion because I feel as though that conviction, certainly as the case law indicated, helps prove the depraved sexual instinct of the accused. I have concluded that the probative value of that evidence clearly outweighs any prejudicial effect and that the evidence

1. Okla. Stat. Ann. tit. 21, § 1123(A)(2) (West 2011).

2. Appellant also challenged the prosecution's offer of the conviction pursuant to Arkansas Code Annotated section 16–42–103 (Supp. 2011). Appellant asserted that the statute facially violates the separation-of-powers doctrine of the Arkansas Constitution because it prescribes rules of procedure and practice, which may only be done by the judicial department of our government. He abandons this argument on appeal, however, solely focusing on whether the trial judge erred by applying the pedophile exception to Rule 404(b).

will be admissible to show motive, intent, or plan under 404(b) exception. I realize that, well, to me the evidence is relevant on these particular issues, so that's my ruling.

Appellant then reiterated his objection to this evidence and stated that any discussion of the conviction with the panel during voir dire should not waive his continuing objection.

At trial, the State called David Max Cook, who was the Creek County, Oklahoma District Attorney in 1998. Cook authenticated a certified photocopy of the judgment and sentence in appellant's case dated April 10, 1998. Cook testified that he charged appellant under the aforementioned lewd molestation statute and that appellant pled guilty prior to his nonjury-trial setting. Appellant successfully prohibited the State from adducing the age of the Oklahoma victim and the details of appellant's assault through a timely and sustained Confrontation Clause objection to such inquiry. At the conclusion of the State's direct examination of Cook, and over appellant's continuing objection to the applicability of the pedophile exception to his prior conviction, the trial judge admitted the judgment and sentence into evidence.

In addition to Cook, the State put on the testimony of Donald Stanfield, the homeowner who allowed J.P. into his home in the middle of the night on June 11, 2011, to call the police; Brianna Fields, a dispatcher with the Fayetteville Police Department who received J.P.'s 911 call; Paula Elvins, J.P.'s mother; Bain Potter, a corporal with the Fayetteville Police Department who responded to J.P.'s call at Stanfield's residence; Sarah Peace and James Jennings, officers with the Fayette-

ville Police Department who apprehended appellant after he drove away from the campsite on the scooter; Daniel Robbins, an officer with the Fayetteville Police Department's Criminal Investigation Division who took numerous photographs of appellant, J.P., the crime scene, and the scooter; Gregory Samuels, the Special Investigations Unit Detective who interviewed appellant and J.P. at the Fayetteville Police Station and took DNA swabs from both; and J.P. himself, who testified as to what happened on June 10 and 11, 2011.

At the close of the State's case-in-chief, appellant moved for a directed verdict, which the trial judge denied. Appellant did not put on any evidence. Following closing arguments, the case was submitted to the jury, which found appellant guilty of rape.

During the penalty phase, the State put on testimony from J.P.'s counselor and appellant's parole officer, Ashley Harvey.[3] Harvey testified that when she first asked appellant about his prior conviction, he told her that the victim was fourteen years old and not four years old. In a subsequent visit, however, appellant apologized for lying to Harvey, telling her that he did not want her to know the facts of his prior conviction because she was a pretty lady. Appellant's mother testified on his behalf.

Following closing arguments, the jury returned a sentencing verdict recommending a sentence of life imprisonment. The trial judge accepted the jury's recommendation and sentenced appellant to life without parole in the Arkansas Department of Correction. Judgment was entered on December 6, 2011, and a timely notice of appeal was filed on December 13, 2011.

---

**3.** Harvey, who supervises registered sex offenders, began working with appellant in December 2010.

■ On appeal, appellant argues that the trial judge erred by admitting his prior conviction under Arkansas Rule of Evidence 404(b). Rule 404(b) is entitled "Other Crimes, Wrongs, or Acts" and provides as follows.

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

Ark. R. Evid. 404(b) (2012). The first sentence provides the general rule excluding evidence of a defendant's prior bad acts, while the second sentence provides an exemplary, but not exhaustive, list of exceptions to that rule. *Hamm v. State*, 365 Ark. 647, 652, 232 S.W.3d 463, 468 (2006) (citing *White v. State*, 290 Ark. 130, 717 S.W.2d 784 (1986)). We have explained that these exceptions inure because such evidence is independently relevant and does not merely establish that the defendant is a bad person who does bad things. *Id.* (citing *Mosley v. State*, 325 Ark. 469, 929 S.W.2d 693 (1996)).

■ Additionally, our cases have also recognized a separate "pedophile exception" to the general rule that evidence of a defendant's prior bad acts cannot be used to prove that the defendant committed the charged crime. *Allen v. State*, 374 Ark. 309, 316, 287 S.W.3d 579, 584 (2008). The pedophile exception allows the State to introduce evidence of the defendant's similar acts with the same or other children when it is helpful in showing a proclivity for a specific act with a person or class of persons with whom the defendant has an intimate relationship. *Id.* at 316, 287 S.W.3d at 584–85. The rationale for this exception is that such evidence helps to prove the depraved sexual instinct of the accused. *Id.* at 316, 287 S.W.3d at 585.

■ For the pedophile exception to apply, there must be a sufficient degree of similarity between the evidence to be introduced and the charged sexual conduct. *Id.* at 317, 287 S.W.3d at 585. We also require that there be an "intimate relationship" between the defendant and the victim of the prior act. *Id.* Although our early jurisprudence on the pedophile exception required that the alleged victim of a prior bad act be a member of the defendant's family or household, modernly the State need only demonstrate a relationship close in friendship or acquaintance, familiar, near, or confidential. *Id.* Additionally, evidence admitted under Rule 404(b) must be temporally proximate, and we apply a reasonableness standard to determine whether a prior crime remains relevant despite the passage of time. *Lamb v. State*, 372 Ark. 277, 284, 275 S.W.3d 144, 150 (2008) (citing *Nelson v. State*, 365 Ark. 314, 323, 229 S.W.3d 35, 42–43 (2006)).

■ Finally, we note that the admission or rejection of evidence under Rule 404(b) is within the sound discretion of the circuit court and will not be reversed absent a manifest abuse of discretion. *Hendrix v. State*, 2011 Ark. 122, at 7, 2011 WL 1177219. Abuse of discretion is a high threshold that does not simply require error in the trial judge's decision, but requires that the trial judge acted improvidently, thoughtlessly, or without due consideration. *Dixon v. State*, 2011 Ark. 450, at 11, 2011 WL 5100896.

Appellant's principal point on appeal is that the pedophile exception is inapplicable to his prior conviction because the two offenses are factually dissimilar and temporally improximate and because there was no evidence that he had an intimate relationship with either victim. The State,

on the other hand, maintains that appellant's conviction was independently relevant to show appellant's motive, intent, preparation, or plan to rape J.P. and was also admissible under the pedophile exception as evidence of appellant's depraved instinct toward minors. Alternatively, the State contends that any evidentiary error related to appellant's prior conviction is harmless in light of the other evidence of appellant's guilt.

■ We begin by addressing appellant's argument that the crimes were dissimilar. In support of his position, appellant asserts that (1) one case involved a fourteen-year-old male, whereas the other case involved a four-year-old female; (2) one incident took place in a secluded wooded area away from other people, whereas the other incident took place inside the victim's home with the victim's mother and another adult in the house; and (3) one act was done while the victim was asleep, whereas the other act was done while the victim was awake.

The State counters that there were sufficient similarities to satisfy the pedophile exception because in each instance, appellant engaged his minor victims with common interests to get them alone, performed oral sex on them, and admonished them not to tell anyone after the crimes occurred.

The trial judge found that the prior conviction was probative of appellant's motive, intent, and plan to carry out the assault on J.P. We do not see a manifest abuse of discretion on this point. The attendant facts of appellant's prior conviction were that he began playing dolls with the victim in her bedroom away from her mother and other adults, pulled down her shorts and underwear, performed oral sex on her, and then told her not to tell her mother because she would be in trouble. Similarly, J.P. testified at trial that appellant worked on scooters with J.P., invited him to go camping and fishing, took him to a secluded area with no other adults present, pulled down his shorts, performed oral sex on him, and then threatened to kill J.P. if he left the campsite without him. Thus, in each case appellant placed himself in a position of authority, isolated the victim from parents or other adults while engaging the victim in a favored activity, removed the victim's pants, performed oral sex on the victim, and then told the victim not to tell. Finally, we are not persuaded that the difference in age and gender between the two victims renders the pedophile exception inapplicable. As discussed above, the pedophile exception governs evidence showing a proclivity towards a specific act with a person or class of persons. We have previously explained that this "class of persons" includes all minor children and is not restricted to children of a specific age or gender. *See, e.g., Swift v. State*, 363 Ark. 496, 499–500, 215 S.W.3d 619, 621–22 (2005). Accordingly, we reject appellant's assertion that there were insufficient similarities between the two cases.

Next, we turn to appellant's argument that there was no evidence that he had an intimate relationship with the victims. With regard to the Oklahoma victim, appellant asserts that the trial judge had no basis to find that appellant had an intimate relationship with the four-year-old girl. He suggests that playing dolls with the victim while the victim's mother and another individual were in another room does not establish the requisite closeness in relationship. With regard to J.P., appellant contends that the two were not friends, had only one previous interaction prior to June 10, and that there was no evidence that appellant was entrusted with J.P.'s care during the camping trip.

The State counters that there was ample evidence of intimate relationships. Specif-

ically, the State observes that in the prior case, the victim was apparently left in appellant's care while her mother napped. In the present case, the State points out that appellant proposed the camping trip at a time when J.P. was left in the care of his sixteen-year-old sister and then took J.P. to a secluded campsite with no other adults present.

Again, we agree with the State. As previously noted, in both cases, appellant cultivated a relationship close in acquaintance based on common interests and enjoyed a position of authority over his victims. We abandoned any intra-family or same-household requirement long ago and will find an imitate relationship so long as there is an acquaintance or friendship that is familiar, near, or confidential. *See Parish v. State,* 357 Ark. 260, 270, 163 S.W.3d 843, 849 (2004). In each instance, appellant created a situation in which he held the position of a care-taking adult with attendant authority. This is all that is necessary, and we therefore conclude that there was sufficient evidence to support the trial judge's finding that appellant's prior conviction showed his proclivity to sexually abuse minors who are in his care.

Finally, we address appellant's argument that the two incidents, which are separated by seventeen years, are simply too remote to be admissible under Rule 404(b). Appellant suggests that the case of *Efird v. State,* 102 Ark.App. 110, 282 S.W.3d 282 (2008), is instructive on this point. In *Efird,* the defendant was convicted of repeatedly having anal intercourse with his minor stepdaughter. *Id.* at 113–14, 282 S.W.3d at 284. On appeal, our court of appeals reversed the trial court's decision to admit testimony from the defendant's half-brother that he and the defendant engaged in genital touching and oral sex seventeen years earlier. *Id.*

at 114, 282 S.W.3d at 284. The court reasoned that the defendant's prior sexual acts with his half-brother, committed when they were between twelve and fourteen years old and sharing a bedroom, did not demonstrate any proclivity or instinct relevant to determining whether he raped a minor child. *Id.*

The State counters that the present case is distinguishable from *Efird* because both of appellant's victims were minors. It also reiterates that appellant's prior conviction was factually similar enough to the charged crime to allow the trial judge to find a relevant connection between the two.

The trial judge found that appellant's prior conviction, despite its age, tended to prove appellant's depraved sexual instinct. We agree. First, we have previously found sufficient temporal proximity in similar circumstances. *E.g., Lamb v. State,* 372 Ark. 277, 285, 275 S.W.3d 144, 150 (2008) (holding that defendant's prior sexual acts with children, which occurred almost twenty years before the charged crime, were not too remote in time to be relevant). Second, unlike the conduct analyzed in *Efird,* the two assaults at issue here are factually similar in all relevant respects. In *Efird,* the court held that evidence of a defendant's adolescent sexual experimentation, even if incestual, was simply not relevant to determining whether he forcibly raped his minor stepchild almost two decades later. *Efird,* 102 Ark. App. at 114, 282 S.W.3d at 284. Here, appellant was charged with raping a minor child and his prior conviction was for the lewd molestation of a young child. Indeed, because appellant committed both offenses as an adult and assaulted each child victim in the same manner, we cannot say that the trial judge's decision to admit appellant's relatively old conviction was unreasonable. *See Nelson v. State,* 365 Ark. 314, 323, 229 S.W.3d 35, 43 (2006).

We therefore affirm the trial judge's application of the pedophile exception because there is nothing in the record to show that he acted improvidently, thoughtlessly, or without due consideration.

Finally, appellant argues that the trial judge erred by admitting his May 6, 1998 conviction and sentence without any accompanying factual details. Appellant reasons that those documents, standing alone, had no probative value because they did not provide the jury with any facts establishing appellant's plan, motive, opportunity, intent, or depraved sexual instinct and were capable of proving only that he was a bad person. Accordingly, appellant submits that even if the judge properly found that his prior conviction satisfied the pedophile exception based on pretrial evidence, he should have excluded it at trial after the prosecution failed to elicit any factual details. The State counters that appellant successfully blocked the introduction of the details of his prior conviction and that a party cannot appeal a favorable ruling below. *See, e.g., Byrd v. State,* 337 Ark. 413, 425, 992 S.W.2d 759, 765 (1999).

■ We decline to address the point, however, because this particular argument was not raised below. Indeed, at trial, the State attempted to ask David Max Cook, the Creek County, Oklahoma District Attorney, about the details of appellant's prior conviction but was prevented from doing so by appellant's successful Confrontation Clause objection. After the bench conference at which the trial judge sustained appellant's objection, the State abruptly concluded its direct examination of Cook and moved to offer a certified copy of appellant's judgment and sentence into evidence. Appellant's trial counsel stated exactly as follows:

> We have seen it. Subject to our previous objection that the court has ruled on, Your Honor, we renew our objection.

The trial judge then received the judgment and sentence into evidence, and appellant declined to cross-examine Cook.

It is clear that appellant's "previous objection that the court ruled on" was that the pedophile exception did not apply to his prior conviction. On this final point on appeal, however, appellant distinctly shifts his position to argue that, regardless of whether the pedophile exception applies, the prosecution cannot introduce a prior conviction without also introducing, through testimony or otherwise, the facts underlying the conviction.

After thoroughly reviewing the trial proceedings, we find that appellant did not make this argument to the trial judge by way of a timely objection or motion. We have frequently held that a contemporaneous objection must be made to the trial court before we will review an alleged error on appeal. *E.g., Hale v. State,* 343 Ark. 62, 79–80, 31 S.W.3d 850, 861 (2000). Accordingly, to preserve his "conviction cannot stand alone" argument, appellant was required to raise the issue as soon as the State concluded its direct examination of Cook and the trial judge admitted the conviction and sentence. He did not, and indeed failed to do so throughout the rest of the trial, even in his motions for a mistrial and for a directed verdict. For that reason, we hold that the issue is not preserved for appellate review.

Pursuant to Arkansas Supreme Court Rule 4–3(i), the record has been examined for all objections, motions, and requests made by either party that were decided adversely to appellant, and no prejudicial error has been found.

Affirmed.

HANNAH, C.J., concurs.