

# ARKANSAS COURT OF APPEALS

DIVISION II
No. CR–13–569

| | |
|---|---|
| | **Opinion Delivered** May 21, 2014 |
| RENFORD S. WILLIAMS | APPEAL FROM THE FAULKNER |
| APPELLANT | COUNTY CIRCUIT COURT |
| | [NO. CR–2011-732] |
| V. | |
| | HONORABLE DAVID L. |
| | REYNOLDS, JUDGE |
| STATE OF ARKANSAS | |
| APPELLEE | AFFIRMED |

## BRANDON J. HARRISON, Judge

Renford Williams was convicted of three counts of theft of property and now appeals his convictions, arguing that the circuit court erred in allowing the State to introduce certain evidence under Ark. R. Evid. 404(b). We affirm.

On 26 March 2011, Nick Wray, Travis (Lee) Burchfield, and Jeff Jones were robbed at gunpoint at Nick and Jeff's apartment in Conway. In an amended felony information filed 2 September 2011, Williams was charged in the Faulkner County Circuit Court with aggravated residential burglary, three counts of aggravated robbery, and three counts of theft of property in connection with this robbery.

Before trial, Williams filed a motion in limine to prohibit Rule 404(b) evidence, specifically evidence that Williams was accused of committing aggravated robbery, aggravated residential burglary, and theft of property in Pulaski County on March 29, three days after the alleged conduct that led to this appeal; that a trial on those charges ended in a hung jury; and

SLIP OPINION

that a second trial was pending on those charges. The State responded that the Pulaski County charges were independently relevant because they were sufficiently similar to the ones Williams faced in Faulkner County and the alleged criminal conduct in Faulkner County and Pulaski County was closely related in time. The State also filed a separate motion in limine to prevent Williams from mentioning that the first Pulaski County trial ended in a hung jury.

Immediately before trial, the motions in limine were addressed by the court. Counsel for Williams argued that the prejudicial effect of the evidence outweighed any probative value; the State argued that the two incidents were "so close in time and so similar that they do show a pattern, a common scheme or plan with this defendant." The court ruled that the Rule 404(b) evidence would be allowed but that there would be no mention of the hung jury during the first trial in Pulaski County.

During the Faulkner County trial, the three alleged victims testified in a substantially similar manner that they were robbed by three African-American males and that Williams was one of them. The State also presented evidence that Williams's fingerprint was found on a wine glass at the crime scene, that Williams's DNA was found on a hoodie left behind at the crime scene, and that the victims' wallets were found in a dumpster at Williams's place of employment two days after the robbery. In addition, another victim, Will Carter, testified that Williams and two other African-American males robbed him in his home in Pulaski County on March 29, 2011.

A jury found Williams guilty of three counts of theft of property and recommended a sentence of twenty years' imprisonment for each count. The court imposed the

SLIP OPINION

recommended sentences, to run consecutively, for a total of sixty years' imprisonment. Williams now appeals to this court.

Under Ark. R. Evid. 404(b), evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith; however, it may be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. Thus, evidence admitted under Rule 404(b) must be independently relevant to a material issue in the case. *Cook v. State*, 345 Ark. 264, 45 S.W.3d 820 (2001). For evidence to be independently relevant, the evidence must have a tendency to make the existence of any fact of consequence to the determination of the action more or less probable than it would be without the evidence. Ark. R. Evid. 401. But even relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice. Ark. R. Evid. 403.

The admission or rejection of testimony is a matter within the circuit court's sound discretion and will not be reversed on appeal absent a manifest abuse of that discretion and a showing of prejudice to the defendant. *Solomon v. State*, 2010 Ark. App. 559, 379 S.W.3d 489. To abuse its discretion, a circuit court must act improvidently, thoughtlessly, or without due consideration. *See Craigg v. State*, 2012 Ark. 387, 424 S.W.3d 264. Even when a circuit court errs in admitting evidence, we may declare the error harmless and affirm if the evidence of guilt is overwhelming and the error is slight. *Kelley v. State*, 2009 Ark. 389, 327 S.W.3d 373.

Williams argues that the circuit court erred in allowing evidence of the March 29 robbery under Rule 404(b). Because the Rule 404(b) evidence pertained to a subsequent bad act, not a prior bad act, Williams argues that it could not be used to show preparation, plan, motive, or knowledge as to the March 26 incident. And with those exceptions exhausted, Williams asserts, the evidence only tended to show that he "was a criminal three days after the current crime, and therefore he must have committed this crime. Rule 404 is in place to prevent this exact situation." He also denies that the jury instruction on the proper use of Rule 404(b) evidence was sufficient to cure the prejudicial effect of the evidence. Finally, he contends that even if relevant, the Rule 404(b) evidence should have been excluded under Rule 403 because it "served no effect than to confuse the issues of the two crimes, and mislead the jury, which is precisely what the rule prohibits."

The State argues that the Rule 404(b) evidence was independently relevant to the Faulkner County incident "to show that Appellant possessed the same intent, motive, knowledge, plan, and identity—that is, to rob—as he did in the earlier case." The State denies that the probative value was outweighed by the prejudicial effect and argues that any prejudicial effect was minimized by the limiting instruction read by the court. The State also contends that any error was harmless given overwhelming evidence of Williams's guilt.

We hold that, even assuming that the admission of the Rule 404(b) evidence was error, there was overwhelming evidence of Williams's guilt, which included a positive identification by all three victims that Williams was involved in the alleged criminal conduct. A fourth identification from Will Carter was merely cumulative, and prejudice cannot be demonstrated

4



where erroneously admitted evidence is merely cumulative to other evidence properly admitted. *Holloway v. State*, 2013 Ark. 140, ___ S.W.3d ___. Williams's conviction is affirmed.

Affirmed.

WALMSLEY and WYNNE, JJ., agree.

*Law Office of Chris Lacy*, by: *Chris Lacy*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Ashley Argo Priest*, Ass't Att'y Gen., for appellee.