Cite as 2023 Ark. App. 299

# ARKANSAS COURT OF APPEALS
DIVISION I
No. CR-22-773

| | | |
|---|---|---|
| DAVID FELTNER | | Opinion Delivered MAY 24, 2023 |
| | APPELLANT | |
| | | APPEAL FROM THE POPE COUNTY CIRCUIT COURT [NO. 58CR-21-809] |
| V. | | |
| STATE OF ARKANSAS | | HONORABLE JAMES DUNHAM, JUDGE |
| | APPELLEE | |
| | | AFFIRMED |

**ROBERT J. GLADWIN, Judge**

Appellant David Feltner ("Feltner") appeals after a jury in the Pope County Circuit Court found him guilty of aggravated assault on a family member; third-degree domestic battery; and endangering the welfare of a minor. Feltner argues on appeal that the circuit court erred by admitting evidence of prior acts of domestic violence between Feltner and the victim to show his intent and absence of mistake. We affirm.

I. *Background Facts*

On August 18, 2021, Feltner was charged with one count of aggravated assault on a family or household member, one misdemeanor count of third-degree domestic battery, one count of first-degree terroristic threatening, and one count of endangering the welfare of a minor. The charges arose from Feltner's alleged attack on his fourteen-year-old daughter in the early morning hours of July 23, 2021, at their residence in Russellville.

The court held a jury trial on July 12–13, 2022. Prior to trial, the court handled pretrial matters, including the issue relevant in this appeal involving the State's request regarding Arkansas Rule of Evidence 404(b) and its proposed admission of evidence thereof. The prosecuting attorney stated that the anticipated testimony—which it disclosed during discovery—would be from the victim and potentially her stepmother as to prior incidents of domestic violence between Feltner and the victim. The State alleged that the testimony was relevant to prove Feltner's intent and motive. Defense counsel objected, arguing that the testimony should be precluded because it was being offered solely as character evidence and was unfairly prejudicial. Furthermore, defense counsel declared that Feltner's defense was, "in essence," that he was attempting to prevent his daughter from fleeing in the middle of the night during a verbal altercation.

The circuit court held that the anticipated testimony was relevant to establish Feltner's intent to commit harm against a family member; thus, it would be allowed for "those permitted purposes," which was to show Feltner's motive in committing the alleged acts and that the actions were committed in the absence of any mistake or accident. The court acknowledged that the evidence was prejudicial; however, it considered the testimony to be highly relevant and meaningful. Moreover, the court held that the anticipated testimony was to be offered consistent with the State's proffered Rule 404(b) jury instruction and noted that Feltner was "of course, free to contest it" during the trial.

At trial, the victim testified as follows: that on the night in question her father had been drinking heavily; she went into her bedroom and fell asleep around midnight; Feltner

2

came into her room, and an argument ensued; Feltner began throwing and breaking lamps, then he choked her on the bed; and she ultimately ran out of the house into the carport to get away from Feltner, but he—along with his dog—chased her down, and he choked and injured her as she was attempting to flee. The victim testified to other various incidents of domestic abuse between her and Feltner and the physical injuries she sustained, including dog bites resulting from Feltner's commanding his dog to bite her. Furthermore, she testified about previously observing her stepmother with a bloody nose and eyes caused by Feltner. The defense did not object to any of the foregoing testimony. Additionally, a police officer who arrived on the scene testified that the victim had relayed that Feltner had "done this before." No objection was raised.

Home-security video footage obtained by the police was played for the jury—without objection—which showed the altercation that took place between the victim and Feltner in the carport of the residence. Feltner took the stand and described the incident as a family altercation in which he was upset and overreacted when his daughter ran out of the house at one thirty in the morning. Feltner alleged that as he chased his daughter out of the residence, he tripped and fell, then held her by her hair in an attempt to restrain her from leaving the premises in the middle of the night. Feltner denied choking his daughter and asserted that her only injuries were made by his dog.

A proffered model jury instruction regarding Rule 404(b) evidence was read by the court and provided to the jury prior to deliberation. No objection to the instruction was raised. The jury found Feltner guilty of aggravated assault on a family or household member,

3

third-degree domestic battery, and endangering the welfare of a minor. Feltner was sentenced to an aggregate of twelve years, to be served consecutively, in the Arkansas Department of Correction. He filed a timely notice of appeal, and this appeal followed.

## II. *Standard of Review*

Upon review, "the admission or rejection of evidence under Rule 404(b) is committed to the sound discretion of the circuit court, and this court will not reverse absent a showing of manifest abuse of discretion." *Dimas-Martinez v. State*, 2011 Ark. 515, 385 S.W.3d 238. Likewise, the balancing mandated by Rule 403 is also a matter left to a circuit court's sound discretion, and an appellate court will not reverse the circuit court's ruling absent a showing of manifest abuse. *Croy v. State*, 2011 Ark. 284, 383 S.W.3d 367. Abuse of discretion is a high threshold that does not simply require error in the circuit court's decision, but requires that the circuit court act improvidently, thoughtlessly, or without due consideration. *Craigg v. State*, 2012 Ark. 387, 424 S.W.3d 264.

## III. *Discussion*

Feltner maintains that, pursuant to Rule 404(b), the circuit court abused its discretion in allowing the admission of evidence of prior acts of domestic violence between him and the victim. He also challenges the admission of the bad-acts evidence under Rule 403 and further argues that such admission violated the Rule 404(b) instruction provided to the jury. Specifically, Feltner argues that because his defense was one of general denial, and intent "was not truly at issue," the circuit court's admission of the Rule 404(b) evidence served no other purpose than to show that he had done something similar in the past and was therefore

4

more likely to be guilty of the crimes committed. He contends that the risk of prejudice outweighed the probative value of the evidence and that the admission thereof violated the Rule 404(b) instruction provided to the jury. We disagree.

## A. Arkansas Rules of Evidence 404(b) and 403

Rule 404(b) states that

> [e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

The supreme court has explained that the first sentence provides the general rule excluding evidence of a defendant's prior bad acts, while the second sentence provides an exemplary, but not exhaustive, list of exceptions to that rule. *Craigg*, 2012 Ark. 387, 424 S.W.3d 264. Evidence is not admissible under Rule 404(b) simply to establish that the defendant is a bad person who does bad things. *Id.* Rule 404(b) permits the introduction of evidence of prior bad acts if the evidence is independently relevant to make the existence of any fact or consequence more or less probable than it would be without the evidence. *See, e.g.*, *Vance v. State*, 2011 Ark. 243, 383 S.W.3d 325.

Additionally, "evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Ark. R. Evid. 403 (2022). Thus, a circuit court may refuse to admit evidence that is unfairly prejudicial to the defendant, even if it might be relevant. *Lockhart v. State*, 2010

5

Ark. 278, 367 S.W.3d 530. The supreme court has noted that evidence offered by the State is likely to be prejudicial to the accused; however, the evidence should not be excluded unless the accused can show that it lacks probative value in view of the risk of unfair prejudice. *Chunestudy v. State*, 2012 Ark. 222, 408 S.W.3d 55.

Here, Feltner's defense was that the incident was merely a family altercation during which he tripped and then restrained his daughter to prevent her from fleeing the residence in the middle of the night. Thus, Feltner's defense triggered the admission of the evidence in question. Feltner's argument that his defense was one of general denial—"not an accident" and "not with some lesser intent"—is inaccurate and not supported by the record. At trial, defense counsel used the words "I believe it was an accident" in his closing statement. Further, regarding whether Feltner "purposefully created substantial risk of death or serious physical injury, defense counsel argued: "He's made a mistake. He had too much to drink. He overreacted, and this was the result." Accordingly, Feltner's defense at trial centered on lack of intent and accident. As held in *Coakley v. State*, "intent was at the crux of the jury's determination of guilt, as the jury was required to determine whether appellant acted with the requisite intent for the charged offense." 2019 Ark. 259, at 6, 584 S.W.3d 236, 239. The victim's testimony that she had been on the receiving end of Feltner's abuse on several occasions was independently relevant to demonstrate Feltner's relationship with his daughter—as well as other household members—and to establish the absence of mistake or accident.

The existence and admission of the home-security videos effectively limited the defenses available to Feltner. Feltner could not reasonably deny that he was involved in a heated altercation with his daughter in the early morning hours of July 23; he could not deny that he physically restrained his daughter while his wife stood next to him screaming "let her go" repeatedly; nor could he maintain that his daughter did not sustain severe injuries during the incident. Instead, Feltner argued that he lacked the intent to cause harm to his daughter; that he tripped while angrily chasing her out of the residence; that his dog attacked her without provocation; and that it was all the result of a terrible accident. As a result, the cases Feltner cites on appeal—wherein our appellate courts held that Rule 404(b) evidence was inadmissible to prove intent—are distinguishable from these facts because the defendants did not claim that their conduct was the result of an accident or mistake. Here, however, Feltner placed his intent squarely at issue.

For these reasons, we hold that the circuit court did not abuse its discretion by finding the testimony relevant for the purpose of establishing motive and absence of any mistake or accident. Nor did the circuit court err in finding that the probative value of the testimony outweighed its potentially prejudicial effect.

B. Jury Instruction

Feltner also argues that the State used the Rule 404(b) evidence contrary to the jury instruction. This argument is not properly preserved for appeal. During trial, Feltner never objected to the jury instruction, nor did he express any belief that the prosecutor's statements or the testimony presented violated the instruction. Feltner concedes such, stating in his

brief that testimony and argument by the State progressed "without a peep from defense counsel nor any effort to have a limiting instruction read at the time of admission." Objections made at trial must be sufficient to apprise the lower court of the error alleged. *Dorn v. State*, 360 Ark. 1, 199 S.W.3d 647 (2004). Here, Feltner's failure to notify the circuit court of his objection concerning an alleged violation of the jury instruction prohibited the court from making a ruling; thus, we will not address this argument.

## IV. *Conclusion*

We affirm Feltner's convictions.

Affirmed.

KLAPPENBACH and GRUBER, JJ., agree.

*John Wesley Hall* and *Samantha J. Carpenter*, for appellant.

*Tim Griffin*, Att'y Gen., by: *David L. Eanes, Jr.*, Ass't Att'y Gen., for appellee.