Cite as 2024 Ark. App. 401

# ARKANSAS COURT OF APPEALS
DIVISION I

No. CR-23-670

| | |
|---|---|
| RONALD MATTHEW ROBINSON<br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br>APPELLEE | Opinion Delivered September 4, 2024<br><br>APPEAL FROM THE POPE COUNTY CIRCUIT COURT<br>[NO. 58CR-21-764]<br><br>HONORABLE JAMES DUNHAM, JUDGE<br><br>AFFIRMED |

**ROBERT J. GLADWIN, Judge**

Appellant Ronald Matthew Robinson ("Robinson") appeals his conviction in the Pope County Circuit Court for two counts of second-degree battery, criminal trespass, resisting arrest, and disorderly conduct and argues that the circuit court abused its discretion in denying his motion to exclude Arkansas Rule of Evidence 404(b) testimony. We affirm.

I. *Background Facts*

On June 29, 2021, Russellville police officers arrested Robinson for criminal trespass after he ignored repeated requests to leave Orr Auto Mall. Robinson had asked the dealership to repair damages to his wrecked automobile—at no cost—that he alleged occurred because of the vehicle's defective hood latch. When the dealership told Robinson that it would not cover the cost of the repairs, he refused to leave. Before the responding officers arrived, the dispatcher informed them "that the suspect that was identified on the scene

[Robinson] had a violent history and had been known to fight officers." When officers attempted to take Robinson into custody, he showed "no willingness to get up" from the chair.

Officers Trent Pursifull and Alex Shipley ultimately had to force Robinson to stand up, and Robinson began a push-and-pull struggle that carried the officers across the room until they hit the wall and fell into a stack of boxes. The officers recalled that Robinson did "everything he possibly could to get away from" them, including kicking manically, jerking, and striking the officers with his legs and feet. Officer Chance Jackson was kicked backward by Robinson while he attempted to secure Robinson's legs. Eventually, the officers secured Robinson's arms behind his back and handcuffed him. However, as the officers placed Robinson in the patrol car, he hooked his right leg underneath the vehicle and prevented the officers from securing him inside. According to Officer Shipley, he was eventually able to guide Robinson's leg inside the car, but once he did, Robinson slammed his knee into the seatbelt buckle and crushed Shipley's fingers.

The State charged Robinson with one count each of disorderly conduct, resisting arrest, and criminal trespass and two counts of second-degree battery. Prior to trial, the State notified Robinson that it intended to introduce evidence that, two weeks before the incident, Robinson injured two Dover deputy marshals when they attempted to take him into custody. On June 15, 2021, Deputy Marshal Titsworth arrested Robinson, and during the arrest, Robinson resisted, punched Titsworth in his throat, and injured his knees. Robinson was found guilty of two counts of battery against the deputies as a result of the incident.

2

Robinson's counsel argued that the deputies' testimony regarding the prior incident should be excluded at trial because the probative value of the testimony was substantially outweighed by the risk of unfair prejudice. However, after hearing the arguments of counsel, the circuit court determined that the prior acts "were temporally very close in time," and the evidence was admissible to show Robinson's intent and the absence of mistake or accident pursuant to Arkansas Rule of Evidence 404(b). The circuit court further found that the evidence was not unduly prejudicial because of the similarity between the prior bad acts and the charged offenses.

At the close of all the evidence, the jury found Robinson guilty of disorderly conduct, resisting arrest, criminal trespass, and two counts of second-degree battery for the incident at Orr Auto Mall. The circuit court imposed an aggregate sentence of twenty years' imprisonment and $10,000 in fines. Robinson filed a timely notice of appeal, and this appeal followed.

## II. *Standard of Review*

On review, "the admission or rejection of evidence under Rule 404(b) is committed to the sound discretion of the circuit court, and this court will not reverse absent a showing of manifest abuse of discretion." *Dimas-Martinez v. State*, 2011 Ark. 515, at 23, 385 S.W.3d 238, 252. Likewise, the balancing mandated by Rule 403 is also a matter left to a circuit court's sound discretion, and an appellate court will not reverse the circuit court's ruling absent a showing of manifest abuse. *Croy v. State*, 2011 Ark. 284, 383 S.W.3d 367. Abuse of discretion is a high threshold that does not simply require error in the circuit court's decision

3

but requires that the circuit court act improvidently, thoughtlessly, or without due consideration. *Craigg v. State*, 2012 Ark. 387, 424 S.W.3d 264.

### III. *Discussion*

For his sole argument on appeal, Robinson maintains that pursuant to Rules 404(b) and 403, the circuit court erred by allowing the admission of evidence that he previously attacked police officers while resisting arrest. Specifically, Robinson argues that his prior battery conviction against Officer Titsworth was not independently relevant—its probative value minimal, and the risk of unfair prejudice was immense. We disagree.

Arkansas Rule of Evidence 404(b) (2023) states:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

Our supreme court has explained that the first sentence provides the general rule excluding evidence of a defendant's prior bad acts, while the second sentence provides an exemplary, but not exhaustive, list of exceptions to that rule. *Craigg*, 2012 Ark. 387, 424 S.W.3d 264. Evidence is not admissible under Rule 404(b) simply to establish that the defendant is a bad person who does bad things. *Id.* Rule 404(b) permits the introduction of evidence of prior bad acts if the evidence is independently relevant to make the existence of any fact or consequence more or less probable than it would be without the evidence. *See, e.g.*, *Vance v. State*, 2011 Ark. 243, 383 S.W.3d 325.

4

Additionally, "evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Ark. R. Evid. 403 (2023). Thus, a circuit court may refuse to admit evidence that is unfairly prejudicial to the defendant, even if it might be relevant. *Lockhart v. State*, 2010 Ark. 278, 367 S.W.3d 530. The supreme court has noted that evidence offered by the State is likely to be prejudicial to the accused; however, the evidence should not be excluded unless the accused can show that it lacks probative value in view of the risk of unfair prejudice. *Chunestudy v. State*, 2012 Ark. 222, 408 S.W.3d 55. Finally, circuit courts have broad discretion in deciding evidentiary issues, including the admissibility of evidence under Rule 404(b), and those decisions will not be reversed absent an abuse of discretion. *Barnes v. State*, 346 Ark. 91, 55 S.W.3d 271 (2001). "The degree of similarity between the circumstances of prior crimes and the present crime required for admission of evidence under Rule 404(b) is a determination that affords considerable leeway to the trial judge, and may vary with the purpose for which the evidence is admitted." *Sasser v. State*, 321 Ark. 438, 447, 902 S.W.2d 773, 778 (1995).

Here, the circuit court held that the State's Rule 404(b) evidence was admissible for several reasons. First, the court held that Robinson's prior conviction for conduct that occurred just two weeks before the current charges was "temporally very close in time." Next, the court found that the prior conviction and the circumstances of those related events "were admissible for the purpose of showing the mental state of the defendant, including what his

intent was . . . in the conduct alleged . . . lack of a mistake or misunderstanding or an accident on his part and his knowledge of his obligations at the time of the events described." Further, the court noted that because one of the charges was for resisting arrest, Robinson's awareness and comprehension of the prior incident was independently relevant. Finally, the court held that the evidence was not unfairly prejudicial because the June 15 incident involved intentional conduct for which Robinson was convicted.

Given the similarities between the evidence of Robinson's resisting arrest and second-degree battery against officers on June 15 and Robinson's resisting arrest and injuring two other police officers just two weeks later on June 29, we find no abuse of discretion in the circuit court's admitting Officer Titsworth's testimony as independently relevant evidence of Robinson's intent, motive, or plan. Furthermore, Robinson's argument that Officer Titsworth's testimony was unfairly prejudicial "given that the prior conviction, like the pending offense, involved law enforcement officers" lacks merit. It is well established that the fact that evidence is harmful, or prejudicial, to one side does not make it inadmissible. *See Boyle v. State*, 363 Ark. 356, 214 S.W.3d 250 (2005). In this case, the evidence's high probative value is the very reason Robinson is claiming it is prejudicial. The proper inquiry, however, is whether the probative value of the evidence is substantially outweighed by the danger of "unfair" prejudice. *See id.* Because the circuit court fully and thoughtfully considered the issue prior to trial—and held that the evidence was not unfairly prejudicial— we affirm Robinson's convictions.

IV. *Conclusion*

6

For the above-stated reasons, we affirm Robinson's convictions.

Affirmed.

KLAPPENBACH and GRUBER, JJ., agree.

*James Law Firm*, by: *William O. "Bill" James, Jr.*, and *Drew Curtis*, for appellant.

*Tim Griffin*, Att'y Gen., by: *Jason Michael Johnson*, Ass't Att'y Gen., for appellee.