Cite as 2025 Ark. App. 446

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CR-24-724

|  |  |  |
|---|---|---|
| | | Opinion Delivered September 24, 2025 |
| DUSTIN JONES | | |
| | APPELLANT | APPEAL FROM THE CRAWFORD COUNTY CIRCUIT COURT [NO. 17CR-23-746] |
| V. | | |
| STATE OF ARKANSAS | | HONORABLE CANDICE A. SETTLE, JUDGE |
| | APPELLEE | |
| | | AFFIRMED |

## MIKE MURPHY, Judge

A Crawford County Circuit Court jury convicted appellant Dustin Jones of three counts of second-degree sexual assault pursuant to Arkansas Code Annotated section 5-114-125(a)(3) (Repl. 2024). Under subdivision (a)(3), a person commits sexual assault in the second degree if being eighteen years of age or older, he engages in sexual contact with another person who is less than fourteen years of age. Jones was sentenced to twenty years' incarceration for each count, for a total of sixty years' incarceration. He was also fined $5000 for each count. On appeal, Jones argues that the circuit court erred in permitting testimony by improper application of the pedophile exception to Arkansas Rule of Evidence 404(b) and that the probative value of the testimony was substantially outweighed by its prejudicial effect in violation of Arkansas Rule of Evidence 403. We affirm.

Because Jones does not challenge the sufficiency of the evidence, only a brief recitation of the facts is necessary. On September 5, 2023, MC told her mother that Jones, her mother's live-in boyfriend whom MC viewed as a stepfather, had been touching her inappropriately. MC, who was nine when the abuse took place, disclosed that Jones touched her on at least three occasions. In the first two instances of abuse, Jones touched MC's vagina over her underwear. The third time, he touched MC's vagina under her underwear. In all instances, the abuse occurred in MC's room while she was in Jones's care. MC's mother testified that MC became unusually angry and sad while the abuse was ongoing and returned to her usual, happy self after Jones had been removed from the home.

Preceding the trial, the State filed a motion seeking to introduce the testimony of a woman who claimed Jones had sexually abused her. The woman and Jones are first cousins. The woman recalled that the abuse occurred in 2004 when Jones was approximately twenty-two years old, and she was approximately fourteen years old. At the motion hearing, the woman testified that she would often stay overnight with Jones, who would begin by touching her vagina over her clothes, eventually progressing to touching her vagina underneath her clothes, all while "roughhousing." She recalled that Jones inappropriately touched her seven or eight times and raped her twice when she was between the ages of fourteen and seventeen. She said the abuse stopped because she "just dodged [Jones] every chance she got."

At the motion hearing, Jones objected to the introduction of the woman's testimony, arguing it was cumulative, was more prejudicial than probative, and did not fall under an

exception for propensity evidence. The court granted the State's motion, given the similar nature of the allegations and in light of the pedophile exception.

At the jury trial, the State offered the woman's testimony. She testified to the same facts and added that Jones had also forced her to perform oral sex when she was fourteen or fifteen. After the State rested, Jones waived his right to testify. The jury then found him guilty on all three counts. Jones now appeals.

Jones's sole argument on appeal is that the court erred in permitting the woman to testify. He claims the court improperly applied the pedophile exception because the woman's situation was not of a similar nature or temporally related. Jones also argues that the probative value of her testimony was substantially outweighed by its prejudicial effect in violation of Rule 403.

Challenges to an evidentiary ruling are reviewed under the abuse-of-discretion standard. *Baumann v. State*, 2018 Ark. App. 564, at 4, 566 S.W.3d 494, 498. We will not reverse the circuit court's ruling absent a showing of manifest abuse. *James v. State*, 2021 Ark. App. 33, at 8–9, 616 S.W.3d 267, 273. Abuse of discretion is a high threshold that does not simply require error in the circuit court's decision but requires that the circuit court act improvidently, thoughtlessly, or without due consideration. *Id.* Additionally, prejudice must have resulted. *Id.*

We recently addressed this area of law in *Sublett v. State*, 2025 Ark. App. 374, at 8–11:

> Pursuant to Arkansas Rule of Evidence 404(b), "[e]vidence of other crimes, wrongs, or acts it not admissible to prove the character of a person in order to show

3

that he acted in conformity therewith." Such evidence is permissible for other purposes, however, "such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." *E.g.*, *Duvall v. State*, 2018 Ark. App. 155, at 5, 544 S.W.3d 106, 110. "Under Ark. R. Evid. 404(b), evidence of other crimes will be admitted if it has independent relevance, and its relevance is not substantially outweighed by the danger of unfair prejudice." *Jones v. State*, 349 Ark. 331, 339, 78 S.W.3d 104, 110 (2002). Evidence is independently relevant if it tends to make the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without evidence. *Cluck v. State*, 365 Ark. 166, 226 S.W.3d 780 (2006).

Arkansas appellate courts recognize a "pedophile exception" to Rule 404(b) "that allows the State to introduce evidence of the defendant's similar acts with the same or other children when it is helpful in showing a proclivity for a specific act with a person or class of persons with whom the defendant has an intimate relationship." *Duvall*, 2018 Ark. App. 155, at 6, 544 S.W.3d at 110. The rationale for the exception is that such evidence helps to prove the depraved sexual instinct of the accused. *Jeffries v. State*, 2014 Ark. 239, 434 S.W.3d 889. Further, it is admissible to show the familiarity of the parties, disposition, and antecedent conduct toward one another and to corroborate the testimony of the victim, *see Fields v. State*, 2012 Ark. 353, at 6, and to show motive, intent, or plan. *See Holland*, *supra*. Also, "Rule 404(b) makes no distinction between substantiated and unsubstantiated conduct, or between charged and uncharged conduct. This court has explicitly held that our application of the pedophile exception does not require that the prior act be charged or substantiated." *Holland*, 2015 Ark. 341, at 8, 471 S.W.3d at 185.

While the State may introduce evidence of unsubstantiated prior allegations to show an accused's "proclivity to offend," there are three essential restrictions on the pedophile exception. *See Baumann v. State*, 2018 Ark. App. 564, 566 S.W.3d 494. First, it is necessary "that there be an 'intimate relationship' between the perpetrator and the victim." *Holland*, 2015 Ark. 341, at 7, 471 S.W.3d at 184. The relationship must be one "close in friendship or acquaintance, familiar, near, or confidential." *Eubanks v. State*, 2009 Ark. 170, at 4–5, 303 S.W.3d 450, 453. This standard is not strict; the act of babysitting has been found to satisfy the "intimate relationship" criterion. *See Morrison v. State*, 2011 Ark. App. 290, at 4. Second, courts require that there be a "sufficient degree of similarity between the evidence to be introduced and the sexual conduct of the defendant." *Id.* at 3. Physical similarities between the alleged victim and the Rule 404(b) witness such as age and gender are relevant when there is not "identical" conduct toward each by the accused. *See Stewart v. State*, 2011 Ark. App. 658, at 7, 386 S.W.3d 583, 587. Third, evidence admitted pursuant to Rule

404(b) must not be too separated in time, making the evidence unduly remote. *Holland*, 2015 Ark. 341, at 8, 471 S.W.3d at 185. "[A] reasonableness standard is used to determine whether a crime remains relevant rather than a specific time limit." *Id.* at 9, 471 S.W.3d at 185.

Finally, even if evidence of prior allegations of child abuse meets the criteria for the pedophile exception to Rule 404(b), it is still subject to potential exclusion under Rule 403 if the probative value of the evidence is substantially outweighed by the danger of unfair prejudice. *Holland*, *supra.* Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence. Ark. R. Evid. 403.

Here, the woman's testimony meets the requirements of the pedophile exception. First, there is no dispute that an intimate relationship was established. Jones was an older family member to both MC and the woman since he was a stepfather figure to MC and the woman's older cousin. The abuse occurred while both were under Jones's care. As a family/household member, Jones was in a position of trust over the minors.

Next, the acts described by both the woman and MC were sufficiently similar. The woman was fourteen when the abuse initially occurred, and MC was nine, making them about five years apart in age. The acts performed by Jones in both cases started out similarly by touching both victims on their vagina. MC's abuse never progressed to rape as the woman testified hers did. Although the two accounts are not identical, both signify Jones's sexual interest in the bodies of young teen or preteen girls at a certain stage of development. *See Stewart v. State*, 2011 Ark. App. 658, at 7, 386 S.W.3d 583, 587 (holding that the testimony of a previous victim describing appellant's request to see her breasts and the current victim

5

describing actual touching of her breast, buttocks, and vagina were found to be sufficiently similar under the pedophile exception).

To support his argument that the evidence was not similar, Jones suggests the circuit court should have considered that there was a smaller age gap between him and the woman. He directs us to *Efird v. State*, 102 Ark. App. 110, 282 S.W.3d 282 (2008). In *Efird*, the defendant was convicted of repeatedly raping his minor stepdaughter. *Id.* at 113–14, 282 S.W.3d at 284. On appeal, this court reversed the circuit court's decision to admit testimony from the defendant's half brother that he and the defendant engaged in genital touching and oral sex seventeen years earlier. *Id.* at 114, 282 S.W.3d at 284. The court reasoned that the defendant's prior sexual acts with his half brother, committed when they were between twelve and fourteen years old and sharing a bedroom, did not demonstrate any proclivity or instinct relevant to determining whether he had raped a minor child. *Id.* Notably, both the appellant and his half brother were minors. In the case at bar, Jones was twenty-two years old when he abused the woman.

Finally, this evidence is not unduly remote such that it requires exclusion. Nineteen years had elapsed between the incident involving the woman and the acts concerning MC. This court has held that the pedophile exception to Rule 404(b) applies to acts that occurred forty-two years prior. *See Morrison v. State*, 2011 Ark. App. 290. As we explained in *Morrison*, the purpose of considering the remoteness is to ensure that the prior-act evidence has a connection to the charged conduct and demonstrates a proclivity for a specific act with a person or class of persons. In light of the specific facts and testimony presented in this case,

the woman's testimony has a connection with the case at bar, and Jones's prior acts were not too remote in time to be relevant.

Jones continues by arguing that the woman's testimony should have been excluded pursuant to Arkansas Rule of Evidence 403 because its probative value was substantially outweighed by the danger of unfair prejudice. We disagree. The abuse the woman testified to was probative of Jones's deviate sexual impulse to sexually abuse a minor girl in his family. In deferring to the circuit court's broad discretion, we cannot say the testimony was unfairly prejudicial.

Affirmed.

HARRISON and TUCKER, JJ., agree.

*Lisa-Marie Norris*, for appellant.

*Tim Griffin*, Att'y Gen., by: *Dalton Cook*, Ass't Att'y Gen., for appellee.